## DRAPER *v.* TOWN OF SPRINGPORT.

*(Circuit Court, N. D. New York. 1883.)*

1. NEW TRIAL—CITIZENSHIP—PLEADINGS—GENERAL DENIAL.
    Under the old system of pleadings the issue of citizenship could only be presented by plea in abatement.

2. SAME.
    Under the New York Code, pleas in abatement are abolished, and the question can now be raised by a special denial in the same answer in which the defendant pleads to the merits, but not by general denial.

3. SAME.
    Unless the answer contains such a special denial the plaintiff need give no proof of citizenship.

**4. SAME.**

Where the plaintiff allowed testimony on a point which should have been specially pleaded without objection or exception, *held*, that he had by such act waived his right to object to the sufficiency of the pleading.

Motion for New Trial.

*James R. Cox*, for motion.

*William F. Cogswell*, opposed.

COXE, J. This action is on coupons cut from bonds alleged to have been executed and issued by the defendant.

On the first trial the defendant succeeded on the ground that the bonds were void for lack of seals, but the supreme court reversed the judgment and ordered a new trial, which took place at the last November circuit. A verdict was then ordered for the defendant solely upon the ground that the court had no jurisdiction, the plaintiff not being a citizen of Massachusetts at the time the action was commenced. The circumstances of the trial were somewhat anomalous. The plaintiff, who was called as a witness by the defendant, testified, in substance, that he sold his real estate in Massachusetts in 1876, and since that time had been there but once or twice, and then for a few hours only, though he regarded himself as a resident of Barrington, in that state. He further testified that since 1876 he had kept house and spent most of his time in the city of New York. The question of citizenship not being entirely free from doubt, it was submitted to the jury to find a special verdict on that issue. The verdict being against the plaintiff, the court disposed of the case as before stated. On the trial the attention of the court was not called to the pleadings. The evidence was admitted, the question of citizenship submitted, and a general verdict directed, without objection or exception by the plaintiff.

The plaintiff now moves to set aside the verdict, insisting that there was a mistrial; that the verdict was inconsequential, indecisive, and on an immaterial issue not presented by the pleadings. The allegations applicable are as follows:

In the complaint:

"David S. Draper, a citizen of the state of Massachusetts, plaintiff in this action, * * * complains * * * as follows."

In the answer:

"The said defendant denies each and every allegation in said declaration, except as hereinafter admitted, viz.: It admits that it, the said defendant, is a municipal corporation."

The pleadings were unverified.

The defendant argues that the above allegation of the complaint, assuming it to be an averment of citizenship, and not a mere *descriptio personæ*, is controverted and put in issue by the answer; but the plaintiff contends that this can only be done by a plea in abatement. It would seem that neither position is wholly correct; that in order to raise an issue on the question of citizenship, where the defect does not appear on the face of the complaint, it is necessary that the answer should contain a special and specific denial; a general denial is not sufficient. The plaintiff is entitled to be advised in advance of the issues which the defendant desires to try. Under the assimilation act of June, 1872, the pleadings in actions at law are required to conform to those in the state courts. It therefore becomes important to examine the provisions of the New York Code, in force at the time this action was commenced, January, 1877.

Section 143 of the Code of Procedure provides that the only pleading on the part of the defendant shall be either a demurrer or an answer. A demurrer (section 144) may be interposed on various grounds, among which are the following: That the court has no jurisdiction of the subject of the action, and that the plaintiff has no legal capacity to sue. When any of the matters enumerated in section 144 do not appear on the face of the complaint, the objection may be taken by answer. Section 147. It is further provided, by section 148, that if no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action. Section 149 provides:

"The answer of the defendant must contain (1) a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; (2) a statement of any new matter. * * *"

Every material allegation of the complaint not controverted by the answer shall, for the purposes of the action, be taken as true. Section 168. A defense which does not involve the merits of the action shall not be pleaded unless it is verified. 2 Rev. St. p. 352, part 3, c. 6, tit. 2, § 7, and Code of Civ. Proc. § 513.

The foregoing provisions are substantially retained in the new "Code of Civil Procedure;" they seem to have escaped from the Revision comparatively unimpaired. Under the former system the rule was well-nigh universal that pleading to the merits waived all objection to the plaintiff's capacity to sue. If the defendant disputed the

citizenship of the plaintiff he was required to plead the fact in abate_ment, and the issue thus formed was to be first disposed of before the case came on for trial on the merits. 2 Abb. U. S. Pr. 55; *De Wolf* v. *Raband*, 1 Pet. 498; *Jones* v. *League*, 18 How. 76; *Sheppard* v. *Graves*, 14 How. 505; *Livingston* v. *Story*, 11 Pet. 351; *Erwin* v. *Lowry*, 7 How. 172; *Green* v. *Custard*, 23 How. 485; *De Sobry* v. *Nicholson*, 3 Wall. 420. But the adoption of the Code wrought a complete revolution in pleading: the old landmarks were swept away, and a new system inaugurated. Separate pleas in abatement are now unknown; they must be pleaded and tried like other defenses. *Gardner* v. *Clark*, 21 N. Y. 399; *Sweet* v. *Tuttle*, 14 N. Y. 468. But now, as always, such defenses must be distinctly, separately, and affirmatively stated in the answer. If not so stated the objection is waived. Proof of such defenses cannot be given under a general denial. *Abe* v. *Clark*, 31 Barb. 238; *Dillaye* v. *Parks*, Id. 132; *Scrantom* v. *F. & M. Bank*, 24 N. Y. 424; *Tremper* v. *Conklin*, 44 Barb. 456; *Hosley* v. *Black*, 28 N. Y. 438; *Merritt* v. *Walsh*, 32 N. Y. 685; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Brennan* v. *New York*, 62 N. Y. 365; *Chaffer* v. *Morss*, 67 Barb. 252.

See, also, as bearing on this question, the statute which provides that "in an action by or against a corporation, the plaintiff need not prove, upon the trial, the existence of the corporation, unless the answer is verified, and contains an affirmative allegation that the plaintiff or defendant, as the case may be, is not a corporation," Code of Civil Proc. § 1776; and also *Bank of Genesee* v. *Patchen Bank*, 13 N. Y. 309; *Phœnix Bank* v. *Donnell*, (1 Hand,) 40 N. Y. 410; *Fulton Ins. Co.* v. *Baldwin*, 37 N. Y. 648.

The rule as heretofore stated would seem, then, to be reasonably clear that in New York proof cannot be given on the trial disputing plaintiff's citizenship, unless notice is given by a special denial in the answer. To hold otherwise would be to establish an unprecedented and dangerous system of pleading—a system offering no check to chicanery, where justice may easily be defeated by trickery and fraud.

It is suggested that the fifth section of the act of March 3, 1875, has changed this rule, and opened the door for an indiscriminate and irrelevant attack upon a plaintiff suing in the federal courts. The section referred to provides in substance that if at any time it shall appear to the satisfaction of the circuit court that such suit does not really and substantially involve a dispute or controversy properly within its jurisdiction, the court shall proceed no further, but shall

dismiss the suit. By using this language congress did not intend to allow the defendant to admit an allegation of his adversary's pleading, and then, on the trial, offer proof that his own admission is untrue. The proof under this section, like other proof, must "appear" in an orderly and proper manner, and must be admissible under the pleadings.

If the fact requiring a dismissal does actually appear, the court should proceed as indicated by the statute. But the defendant cannot offer proof of such fact unless it is admissible on some issue duly presented, and if he attempts to do so, the plaintiff can exclude it by timely objection. In other words, where the issue of citizenship is not raised by the answer, the plaintiff has it in his power at the trial to prevent anything from appearing on the subject *pro* or *con.* If he does not avail himself of this privilege, and allows evidence proving want of jurisdiction to be admitted, the court has no alternative but to act as directed by the statute.

. The cases of *Williams* v. *Nottawa,* 104 U. S. 209, and *Rae* v. *Grand Trunk Ry. Co.* 14 FED. REP. 401, are not, so far as disclosed by the record, in conflict with these views. In both, the facts which compelled the dismissal *appeared,* as in this case, on the trial. The question was not one of pleading; it did not relate to the extent and nature of the proof admissible under a particular allegation and denial, but rather to the effect which should be given to evidence already before the court. This inquiry has been somewhat extended because of its general interest and importance, and not because it is necessary to a determination of this motion.

The vital question here is not one of pleading or practice. All these considerations have, in the sequence of events, been left far behind. Whatever the plaintiff's rights may have been, he waived and lost them by allowing the fatal evidence to be admitted. After permitting the question to be submitted without objection or exception, precisely as though there were an issue raised, the plaintiff cannot complain of the disposition of the case at the circuit. His counsel could not have foreseen or prevented the result, which is alone attributable to the conduct of the plaintiff.

These considerations lead to the following conclusions:  

*First.* Under the old system of pleading the issue of citizenship could only be presented by plea in abatement. *Second.* Under the New York Code pleas in abatement are abolished, and the question can now be raised by a special denial in the same answer in which the defendant pleads to the merits, but not by general denial. *Third.*

Unless the answer contains such a special denial, the plaintiff need give no proof of citizenship. *Fourth.* The plaintiff in this case waived the sufficiency of the pleading by going to trial on the issue of citizenship without objection or exception. *Fifth.* In any event, it now appearing affirmatively that the plaintiff is not entitled to maintain his suit in this tribunal, it would be the duty of the court to dismiss it. *Sixth.* The case was properly disposed of at the circuit; but, however this may be, the disposition of it there was tantamount to a dismissal, so far as the plaintiff's rights are concerned. To formally dismiss the case now would be but an idle ceremony.

The motion for a new trial is denied.