## HARTOG v. MEMORY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ILLINOIS.

Submitted December 4, 1885.—Decided February 1, 1886.

When the jurisdiction of a Circuit Court of the United States over the parties
by reason of citizenship appears on the face of the record, and no issue is
joined respecting it, evidence not pertinent to the issues made by the plead-
ings cannot be introduced solely for the purpose of making out a case for
dismissal by reason of the absence of the proper citizenship.

When a Circuit Court of the United States is led to suspect from any cause
that its jurisdiction has been imposed upon, collusively or otherwise, it may
protect itself against fraud or imposition by an inquiry made of its own
motion in such manner as it may direct; and by such further action there-
after as justice may require.

The evidence on which a Circuit Court acts in dismissing a suit for want of
jurisdiction must not only be pertinent either to the issue made by the par-
ties, or to the inquiry instituted by the court, but it must also appear of
record, if either party desires to invoke the appellate jurisdiction of this
court for the review of the order of dismissal.

This was a writ of error brought under § 5 of the act of
March 3, 1875, ch. 137, 18 Stat. 370, for the review of an order
dismissing a suit begun in the Circuit Court. The record
showed that on the 19th of September, 1884. William Hartog
sued Henry Memory in an action of assumpsit for a breach of
a contract to deliver property sold. In the declaration Hartog
was described as a citizen of the Kingdom of Holland, and
Memory as a citizen of Illinois. On the 8th of October Mem-
ory filed three pleas: 1, general issue; 2, statute of limitations
of Illinois; and, 3, limitation laws of Holland, where the cause
of action accrued. On the 8th of November Hartog obtained
a commission for the taking of testimony in Holland, and
Memory was ruled to file cross-interrogatories by the follow-
ing Monday. On the 9th of May, 1885, Memory withdrew his
plea of limitation by the laws of Holland, and Hartog filed a
replication to the plea of the statute of limitations of Illinois.
The case was on the same day tried with a jury. On the trial

the plaintiff introduced "evidence to sustain the issues on his behalf, which evidence also showed that said plaintiff was a subject of the King of Holland, and also showed that said defendant had been doing business in the city of Chicago for several years.

"And thereupon said defendant offered himself as a witness to maintain the issues on his behalf in said cause, and during the progress of his examination he was asked by his counsel the following questions, and gave the following answers:

'Q. Are you a citizen of the United States, Mr. Memory?

'A. No, sir.

'Q. Of what dominion or kingdom are you a citizen?

'A. I am a citizen of Great Britain, sir.'

"And thereupon said plaintiff, by his counsel, cross-examined said Memory as follows:

'Q. How long have you resided and done business in Chicago?

'A. About from eight to ten years, I suppose.

'Q. Where did you do business before that?

'A. I did business for a short time in New York.'

"It also appeared that defendant was in Holland twice in 1879, and that the alleged contract was entered into there.

"Which was all the evidence introduced by either party on the question of citizenship or residence."

The jury, on the 11th of May, brought in a verdict against Memory for $2497. A motion for new trial was then entered. On the 1st of June, before judgment on the verdict, the defendant filed the following motion:

"And now comes the defendant, by his attorney, and it appearing that the defendant is not a citizen of the United States, or of any State, but a citizen and subject of Great Britain, and that all the parties to this suit are aliens, and that the court has no jurisdiction in this cause, the said defendant moves that this case be dismissed for want of jurisdiction in this court."

This motion was granted, and the suit dismissed June 10. 23 Fed. Rep. 835. To reverse that order this writ of error was brought.

*Mr. Julius Rosenthal* and *Mr. A. M. Pence* for plaintiff in error.

*Mr. E. B. Sherman* for defendant in error.

Mr. CHIEF-JUSTICE WAITE delivered the opinion of the court. After stating the facts in the language reported above, he continued:

It was well settled before the act of 1875 that when the citizenship necessary for the jurisdiction of the courts of the United States appeared on the face of the record, evidence to contradict the record was not admissible, except under a plea in abatement in the nature of a plea to the jurisdiction, and that a plea to the merits was a waiver of such a plea to the jurisdiction. *Farmington* v. *Pillsbury*, 114 U. S. 138, 143, and cases there cited. In its general scope this rule has not been altered by the act of 1875, but before that act was passed it had been held that the rule prevented the courts from taking notice of colorable assignments or transfers to create cases for the jurisdiction of the courts of the United States in the absence of a plea in abatement or to the jurisdiction, and, as that act "opened wide the door for frauds upon the jurisdiction of the court by collusive transfers so as to make colorable parties and create cases cognizable by the courts of the United States," we held in *Williams* v. *Nottawa*, 104 U. S. 209, 211, that the statute changed the rule so far as to allow the court at any time, without plea and without motion, to "stop all further proceedings and dismiss the suit the moment a fraud on its jurisdiction was discovered."

Neither party has the right, however, without pleading at the proper time and in the proper way, to introduce evidence, the only purpose of which is to make out a case for dismissal. The parties cannot call on the court to go behind the averments of citizenship in the record, except by a plea to the jurisdiction or some other appropriate form of proceeding. The case is not to be tried by the parties as if there was a plea to the jurisdiction, when no such plea has been filed. The evidence must be directed to the issues, and it is only when facts material to the

issues show there is no jurisdiction that the court can dismiss the case upon the motion of either party.

If in the course of a trial it appears by evidence, which is admissible under the pleadings, and pertinent to the issues joined, that the suit does not really and substantially involve a dispute of which the court has cognizance, or that the parties have been improperly or collusively made or joined for the purpose of creating a cognizable case, the court may stop all further proceedings and dismiss the suit.

In *Williams* v. *Nottawa* the record showed that one of the issues to be tried was whether Williams, the plaintiff, was the real holder and owner of the bonds sued on, and the evidence showing the collusion, for which we ordered the suit to be dismissed, was all material and pertinent to that issue. And in *Farmington* v. *Pillsbury*, cited above, one of the defences was that Pillsbury, the plaintiff, was not the *bona fide* holder of the coupons in suit, but that they were placed in his hands for the purpose of being sued on in the courts of the United States. The case came here on special findings applicable to that issue, and what we then said was in answer to the question certified on those findings.

Beyond this, no doubt, if, from any source, the court is led to suspect that its jurisdiction has been imposed upon by the collusion of the parties or in any other way, it may at once of its own motion cause the necessary inquiry to be made, either by having the proper issue joined and tried, or by some other appropriate form of proceeding, and act as justice may require for its own protection against fraud or imposition.

But the evidence on which the Circuit Court acts in dismissing the suit must be pertinent either to the issue made by the parties, or to the inquiry instituted by the court; and must appear of record if either party desires to invoke the exercise of the appellate jurisdiction of this court for the review of the order of dismissal. *Barry* v. *Edmunds*, *ante*, 550. And when the defendant has not so pleaded as to entitle him to object to the jurisdiction, and the objection is taken by the court of its own motion, justice requires that the plaintiff should have an oppor-

tunity to be heard upon the motion, and to meet it by appropriate evidence.

Here the citizenship of both the plaintiff and the defendant, as it was in good faith understood by the plaintiff to be, was stated in the declaration, and it was such as if truly stated gave the court jurisdiction. The defendant pleaded to the merits. He alone knew of the mistake as to his citizenship, and purposely omitted to make it known at the time. Under the issues joined the question of citizenship did not and could not arise. If a judgment had been rendered on the verdict Memory would have been bound by it, notwithstanding both he and Hartog were aliens. The record would have estopped him from denying the jurisdiction of the court. The testimony about his citizenship was irrelevant and wholly immaterial. It did not in any manner relate to the merits of the case. It apparently came out incidentally without attracting the attention of the court at the time. The defendant suffered it to pass without special notice until after the verdict against him. He then moved for a new trial, not, so far as the record discloses, because of any errors at the trial, but, as we must presume, for the purpose of laying the foundation for his motion to dismiss; and the case appears to have been dismissed by the court solely upon the defendant's motion and the irrelevant testimony given at the trial, and without affording the plaintiff an opportunity to rebut or control that testimony.

Under these circumstances, as there is nothing else in the case to justify the dismissal of the suit, we are of opinion that

*The order dismissing the suit is erroneous, and must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.*