## STREET v. FERRY.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

Submitted November 23, 1886. — Decided December 13, 1886.

The jurisdictional value referred to in c. 355, 23 Stat. 443, is the value at the time of the final judgment or decree; not at the time of the appeal. or writ of error.

The patent referred to in the second section of the act is a patent for an invention or discovery, not a patent for land.

After examining affidavits in the cause filed in the court below after allowance of appeal, and in this court since the case was docketed, the court is satisfied that the value of the land in dispute is not sufficient to give jurisdiction.

This was an action for the recovery of real estate. Judgment for plaintiff and appeal. The appellee moved to dismiss

the appeal on the ground that the value of the premises in dispute did not exceed five thousand dollars, and also to affirm the judgment below.

*Mr. J. G. Sutherland* and *Mr. Arthur Brown* for the motion.

*Mr. John A. Marshall* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This appeal was taken since the act of March 3, 1885, c. 355, 23 Stat. 443, went into effect. That statute, by § 1, limits appeals to this court from the Supreme Courts of the Territories and from the Supreme Court of the District of Columbia to cases where the value of the matter in dispute exceeds five thousand dollars; except, by § 2, the validity of a patent or copyright is involved, or the validity of a treaty or a statute, or an authority exercised under the United States is drawn in question. The value here referred to is the value at the time of the final judgment or decree, not at the time of the appeal or writ of error. Nothing whatever appears on the face of the record proper to show the value of the matter in dispute. The judgment was rendered July 22, 1886, and an appeal allowed the same day in open court. Affidavits of value were filed in the court below after this allowance, and these affidavits were sent here with the transcript. Other affidavits have been filed in this court since the case was docketed, and, on consideration of the whole, we are satisfied that the value is not sufficient to give us jurisdiction. The appellant himself puts the value of the land alone at only four thousand dollars, and the fair inference, from all the affidavits taken together, is, that the improvements on the land are worth much less than one thousand dollars. A large number of witnesses, who seem to be well qualified to judge of the value, put it at from $3000 to $3500, including all improvements.

The patent referred to in the second section of the act is a patent for an invention or discovery, not a patent for land.

*The motion to dismiss is granted.*