## DAVIE *et al. v.* HEYWARD *et al.*

(*Circuit Court, W. D. South Carolina.* December, 1887.)

COURTS—APPEAL TO UNITED STATES SUPREME COURT—JURISDICTIONAL AMOUNT.
Defendant applied for a citation for a writ of error to the supreme court, but did not state in his affidavit the value of his interest in the judgment from which he appealed. Plaintiff's affidavit in opposition showed the value. *Held*, that the citation must issue, and the question of jurisdictional amount must be left to the supreme court.

Application for Citation for a writ of error to the United States supreme court.

W. R. Davie and others, plaintiffs, sued J. B. Heyward and others, defendants, for the recovery of a tract of land, and recovered judgment for the land, and five dollars damages, in August, 1873. One of the

defendants, being a minor at the time of the suit, became of age December 21, 1885, and applied for a citation for the purposes of a writ of error to the United States supreme court.

*McCrady & Son* and *W. B. Wilson*, for plaintiffs.

*S. P. Hamilton*, for defendants.

SIMONTON, J. This is an application for a citation, for the purposes of a writ of error to the supreme court. The case was tried in August, 1873, in the district court of the Western district, having circuit court powers. The action was for the recovery of a tract of land known as "Landsford," and for mesne profits, damages laid at $50,000. Verdict, the land for plaintiffs, with five dollars damages; judgment entered thereon; one of the defendants was Josiah Bedon, then under age. He attained full age twenty-first December, 1885, and now files his petition stating this fact, and praying that a citation issue. Two of the original parties to the record, represented by Mr. McCrady, who was an attorney on the record, resists the prayer of the petition. With him joins Mr. Wilson, who represents persons who hold parcels of the land under purchases from certain of the plaintiffs. The record does not disclose the value of the land, nor the value of defendant's interest therein. It is insisted that he must show these before he can obtain the citation.

The affidavit of defendant's mother, filed with his petition, shows that he came of age December 21, 1885. He is within the exceptions of section 1008, Rev. St. We must deal with his application as if it were made within two years from entry of the judgment. This would seem to exclude all persons not parties to the record in hearing the application. Any purchaser from these parties after judgment purchased with notice of the right of defendant to appeal therefrom within two years after he came of age. As to him, then, the suit was *lis pendens,* and they took *pendente lite.* The point however was reserved by the supreme court in *Zeigler* v. *Hopkins,* 117 U. S. 683, 6 Sup. Ct. Rep. 919. Mr. Wilson has been heard. In order to entitle defendant to be heard in the supreme court, the extent of his interest in the matter in dispute must exceed, exclusive of costs, the sum or value of $2,000. Rev. St. § 691. The act of July 15, 1875, amending this, applies to judgments thereafter rendered. As we have seen, the record discloses neither the value of the land, nor the value of the defendant's interest therein. The damages claimed by plaintiff are $50,000. But the verdict was five dollars. As defendant is appealing, this will not give jurisdiction to the supreme court. *Gordon* v. *Ogden,* 3 Pet. 33; *Clifton* v. *Sheldon,* 23 How. 481; *Troy* v. *Evans,* 97 U. S. 1. To sustain the jurisdiction of the supreme court, the defendant must assume the burden of proving that the sum or value of his interest in the matter in dispute (the land) exceeds the minimum. *Williamson* v. *Kincaid,* 4 Dall. 20; *Rush* v. *Parker,* 5 Cranch, 287; *Wilson* v. *Blair,* 119 U. S. 387, 7 Sup. Ct. Rep. 230; *Gibson* v. *Shufeldt,* 122 U. S. 27, 7 Sup. Ct. Rep. 1066. But the affidavits to establish this fact must be submitted to and be passed upon by the supreme court, and not by this court. It is true that the chief justice,

in *Wilson* v. *Blair*, affirmed the practice of filing affidavits on this point in the court below to be sent up with the record. But this is for convenience only. The supreme court looks into such affidavits, permits others to be filed in Washington, and decides for itself upon its own jurisdiction. *Street* v. *Ferry*, 119 U. S. 385, 7 Sup. Ct. Rep. 231. This court will not presume to decide that the case is not within the jurisdiction of the supreme court, and refuse the citation. The defendant has not filed any affidavits as to the value. The plaintiffs have done so. Let these be filed as part of the record. The citation will issue.