HOLDEN v. UTAH & M. MACHINERY CO. et al.

(Circuit Court, D. Utah. July 12, 1897.)

No. 162.

1. COURTS—JURISDICTION—AMOUNT IN DISPUTE.

Where the complaint on its face shows that the amount in dispute exceeds $2,000, and there are no facts alleged from which the court can determine, as a matter of law, that there cannot be a recovery of the jurisdictional amount, the question will not be determined on ex parte affidavits.

2. SAME—DISMISSAL AT TRIAL.

It seems that since Act March 3, 1875, the court is not concluded on the question of jurisdiction by the amount laid in the complaint; and if, at the trial, that amount should appear, from the testimony of plaintiff and his witnesses, to have been laid beyond his reasonable expectation of recovery, the action should be dismissed.

Action at law by L. E. Holden against the Utah & Montana Machinery Company and George E. Chandler. Heard on motion to dismiss.

Bennett, Harkness, Howat & Bradley, for plaintiff.
C. C. Dey, for defendants.

MARSHALL, District Judge. The defendants move to dismiss this action on the ground that the matter in dispute does not exceed $2,000, and is of no greater value than $437.50. They have supported this motion by affidavits, and the plaintiff has filed affidavits tending to show that the value of the matter in dispute exceeds the jurisdictional limit. The complaint, after alleging the requisite diversity of citizenship, in substance states that, at the time of the wrong complained of, the plaintiff and the defendants were the owners, as tenants in common, of certain mining ground; that situated on and part of said premises were a certain frame building, a boiler, and a hoisting engine; that the defendants, without plaintiff's consent, wrongfully tore up, and separated from the realty, the said house, boiler, and engine, took the same away from said premises, and converted them to their own use, "and thereby perpetually damaged and diminished the value and wasted said estate, and the substance thereof, all to plaintiff's damage in the sum of $3,750," for which sum judgment was demanded. The plaintiff's allegation of damage and demand for judgment of a sum exceeding $2,000, exclusive of costs, is a sufficient allegation of the value of the matter in dispute, unless, from the facts stated in the complaint, it appears that, even if he should prevail, as a matter of law, he could not recover the jurisdictional amount. But in the case at bar the sum recoverable is indefinite, and there is no other means of making it definite than a trial of the action. The defendants, it is true, contend that the plaintiff, even if entitled to recover, has not been damaged in any such sum, but this simply emphasizes the fact that the damage claimed by the plaintiff is in dispute. The fact that on a trial the plaintiff may recover a less sum, or nothing, would only show a settlement of the dispute to some extent, or entirely, in favor of his adversary.

The principle was stated by Chief Justice Ellsworth, in an early case, as follows:

"In an action of debt on a bond for £100, the principal and interest are put in demand; and the plaintiff can recover no more, though he may lay his damages at £10,000. The form of the action gives in that case the legal rule. But in an action of trespass, or assault and battery, where the law prescribes no limitation as to the amount to be recovered, and the plaintiff has a right to estimate his damages at any sum, the damage stated in the declaration is the thing put in demand, and presents the only criterion to which, from the nature of the action, we can resort in settling the question of jurisdiction. The proposition, then, is simply this: Where the law gives no rule, the demand of the plaintiff must furnish one; but, where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded." Wilson v. Daniel, 3 Dall. 401.

This statement of the law has been cited with approval in recent decisions of the supreme court of the United States. Smith v. Greenhow, 109 U. S. 671, 3 Sup. Ct. 421; Barry v. Edmunds, 116 U. S. 550–560, 6 Sup. Ct. 501. It is true that under section 5 of the act of March 3, 1875, the court is not concluded on the question of jurisdiction by the amount of damages laid in the complaint, but, as stated in Barry v. Edmunds, cited supra—

"If, upon the case stated, there could legally be a recovery for the amount necessary to the jurisdiction, and that amount is claimed, it would be necessary, in order to defeat the jurisdiction, since the passage of the act of March 3, 1875, for the court to find, as matter of fact, upon evidence legally sufficient, 'that the amount of damages stated in the declaration was colorable, and had been laid beyond the amount of a reasonable expectation of recovery for the purpose of creating a case' within the jurisdiction of the court."

Such an investigation as to the good faith of the plaintiff in estimating his damages cannot be safely prosecuted by means of ex parte affidavits. The amount of damage suffered is an issue in this action to be tried by a jury. In the course of that trial the evidence of the parties on this issue will be produced in court, where the opportunity for cross-examination afforded will furnish a guaranty of truth not pertaining to affidavits. Of course, the question of jurisdiction would not be decided by the result of the issue on the question of damages; but the damages as shown by the evidence would reflect on the plaintiff's "reasonable expectation of recovery" when he instituted the suit, and if it appeared from the testimony of the plaintiff, and his own witnesses, that a verdict of $2,000 would be greatly excessive, there should be no hesitation in dismissing the action. Maxwell v. Railroad Co., 34 Fed. 286, 290. It would, however, require a very strong case to justify a court in finding that the plaintiff had no reasonable expectation of recovering a verdict in any sum which is sustained by the testimony of credible witnesses. Counsel for defendants cite the cases of Wilson v. Blair, 119 U. S. 387, 7 Sup. Ct. 230, and Street v. Ferry, 119 U. S. 385, 7 Sup. Ct. 231, to the point that the court should determine the value of the matter in dispute on affidavits. In both cases the record was silent on the point, and it was a question of the appellate jurisdiction of the supreme court of the United States. Of course, the value in controversy could not be shown orally before the appellate court, and the further exercise of jurisdiction did not require a trial where the value would be in issue, and the witnesses thereto subjected to cross-examination. I do

not think that this practice in the supreme court, growing out of the necessities of the procedure in an appellate tribunal, has any bearing on the question presented here. In Cattle Co. v. Needham, 137 U. S. 632–636, 11 Sup. Ct. 208, 209, Mr. Chief Justice Fuller, speaking for the court, said:

"The practice of permitting affidavits to be filed in this court arose from instances of accidental omission where the value was not really in dispute, and it should not be encouraged to the extent of requiring us to reach a result upon that careful weighing of conflicting evidence so frequently involved in determining issues of fact. If there be a real controversy on the point, let it be settled below in the first instance, and on due notice; not here, upon ex parte opinions which may embody nothing more than speculative conclusions."

As the complaint, on its face, shows a matter in dispute exceeding in value the sum of $2,000, the motion will be denied, without prejudice, however, to its renewal on the trial of the action.