## SCLARENCO v. CHICAGO BONDING CO.

(District Court, W. D. Kentucky. November 1, 1916.)

**1. COURTS ⊱366(25)—UNITED STATES COURT—STATE DECISIONS—BONDS—LIABILITY.**

The decisions of the state court establish the liability of sureties on a constable's bond executed under a local statute; such decisions being binding on the federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 957; Dec. Dig. ⊱366(25).]

**2. SHERIFFS AND CONSTABLES ⊱170—BONDS—SURETIES—LIABILITY OF.**

The surety on the official bond of a Kentucky sheriff or constable is liable only for compensatory, and not punitive, damages for the officer's breach of duty.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 409–413; Dec. Dig. ⊱170.]

**3. COURTS ⊱280—JURISDICTION—RIGHT TO RAISE QUESTION.**

Under Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. 1913, § 1019), providing that, if any suit commenced in a District Court or removed thereto, shall appear to the satisfaction of the court, at any time after suit has been brought, not to substantially involve a dispute or controversy properly within the jurisdiction of the District Court, or the parties have been improperly or collusively made or joined for the purpose of creating a case cognizable or removable, the District Court shall dismiss the suit or remand it to the court from which it was removed, as justice may require, the federal District Court may, when led to believe or suspect that it has not jurisdiction of the action, itself raise the question of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. ⊱280.]

**4. COURTS ⊱280—JURISDICTION—DETERMINATION.**

Under such act the court, after hearing testimony on the question, may itself find the specific facts relating thereto, or may in its discretion submit the testimony to the decision of the jury.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. ⊱280.]

**5. COURTS ⊱328(2)—FEDERAL COURTS—JURISDICTION.**

A constable wrongfully levied execution on a stock of groceries owned by plaintiff, retaining possession for about 40 hours. The stock was of the value of $600, and the demand for which execution was levied was less than $30. Plaintiff sued on the constable's bond in the federal District Court, claiming $4,000 damages. *Held* that, as only compensatory damages are allowed in suits on constables' bonds, the action should, under Judicial Code, § 37, be dismissed, for plaintiff could have had no reasonable expectation that she had the right to recover, or could recover any amount within the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 890; Dec. Dig. ⊱328(2).]

At Law. Action by Clara Sclarenco against the Chicago Bonding Company. There was a verdict for defendant. On motion for new trial. Motion granted.

W. C. Madden and Ben Chapeze, both of Louisville, Ky., for plaintiff.

Furlong, Woodbury & Furlong and Dallam, Farnsley & Means, all of Louisville, Ky., for defendant.

⊱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

EVANS, District Judge. In this action the plaintiff, a citizen of Kentucky, sued the defendant, a citizen of Illinois, to recover upon a liability alleged to have been incurred by it as surety on the official bond of L. H. Roberts, a constable of Jefferson county, Ky. The provisions of the bond conform to the statutes of the state, and particularly in the stipulation that the constable "shall faithfully and truly execute and perform all the duties of said office," the only stipulation in the bond which is important in this case. Roberts, the principal, was not sued, as he is a citizen of Kentucky, and making him a defendant would, of itself, have ousted the court's jurisdiction.

The basis of the action, as stated in the petition, is that Roberts, the constable, had in his hands for service an execution against Herman Sclarenco, husband of the plaintiff, which was issued by a justice of the peace of Jefferson county, and that the constable, through his deputy, levied the execution upon plaintiff's stock of groceries at 5:30 p. m. on Saturday, October 9, 1915, took possession of the property so levied upon, and closed the storehouse containing it, but that on the following Monday at 9:30 a. m. the property was restored to the plaintiff.

Plaintiff claims that the property levied on was hers, and not her husband's, and has upon that ground brought this action, laying her damages at $4,000, which, of course, prima facie gave the court jurisdiction, and no question was raised on that subject by the defendant in the answer. The plaintiff, in her petition, however, significantly omitted to show the quantity, character, or value of the property, or to make the statement that the execution issued by the justice of the peace and levied on her property was upon a judgment for $28.95, besides interest and costs.

At the trial before the jury, after hearing the plaintiff's own testimony to the explicit effect that the entire stock of groceries levied on was worth no more than $600, that some parts of it were perishable, while others were not, that the perishable parts were greatly injured, perhaps to the extent of $200 or $300, and that all of them were out of her possession for only about 40 hours, including one holiday, the court, on its own motion, raised the question of jurisdiction.

[1, 2] The action is against the surety, and not against the constable. In such cases the law of Kentucky must govern us as to the criterion of recovery, inasmuch as the bond sued upon is one executed by a Kentucky officer under a Kentucky statute, and any contract features of it were created under the statute of that state. Sheriff's bonds in Kentucky, so far as this case presents the question, are altogether analogous to those of a constable, and the construction of such contracts or bonds by the Court of Appeals of Kentucky furnishes the rule by which we must be governed. That court has clearly established the proposition that only compensatory damages, and not punitive damages, can be recovered from a surety on a sheriff's bond. Johnson v. Williams, Adm'r, 111 Ky. 289, 63 S. W. 759, 23 Ky. Law Rep. 658, 661, same case, 54 L. R. A. 220. While we, as we have seen, are to be governed by the construction put upon such bonds by the Court

236 F.—38

of Appeals of Kentucky, and by the rule it has established, it may not be improper to remember that the general rule seems to be in harmony with that announced in the case referred to.

[3-5] As we have stated, the court itself raised the question of jurisdiction. As this was an action by a citizen of Kentucky against a citizen of Illinois doing business in this state, the jurisdictional amount is fixed by the statute of the United States at a sum exceeding $3,000, exclusive of interest and costs. While, of course, the court knows, and must take judicial notice of, the law of Kentucky (Ky. Stats. § 1086) limiting the jurisdiction of a justice of the peace to a sum greatly less than $3,000, namely, $100, nevertheless there was nothing said in plaintiff's petition indicating the amount of the judgment upon which the execution was issued. The plaintiff did use the word "malicious"; but, taking the allegations of the petition as a whole, this was a mere epithet, and in no way indicated any state of facts upon which the epithet could be justified. Indeed, the action is altogether ex contractu, and it is obvious from the testimony that, if the entire stock of groceries had been taken and permanently kept, a proper ruling as to the measure of damages would not have entitled plaintiff to recover over $600, the full value, as she testified, of the stock itself in its entirety. It thus became manifest that there could not possibly have been any reasonable or intelligent expectation by the plaintiff that she could recover an amount in excess of $3,000, exclusive of interest and costs, nor, indeed, in excess of $600, giving her the most extreme latitude.

This situation brought into view section 37 of the Judicial Code, which is but a re-enactment of a similar provision that has been in the statutes of the United States since the Judiciary Act of 1875. That section reads as follows:

"If in any suit commenced in a District Court, or removed from a state court to a District Court of the United States, it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said District Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just."

This statutory provision has been the subject of consideration in many cases, and especially by the Supreme Court of the United States. The following general propositions have been clearly settled:

1. When the court, during the progress of a trial, is led to believe or to suspect that it has not jurisdiction of the action because it does not really involve a jurisdictional controversy, it may itself raise the question of jurisdiction.

2. After hearing the testimony on the question, it may itself find the specific facts relating to it, or in its discretion it may submit the testimony to the decision of the jury; and

3. If the unmistakable fact and legal certainty be that the plaintiff

could not have had any reasonable expectation that he had a right to recover, or that he could recover an amount within the jurisdiction of the court, the action should be dismissed for want of jurisdiction, inasmuch as it was then made to appear that the amount of damages laid in the plaintiff's petition was merely colorable, and that the jurisdictional amount was not really involved.

They have been distinctly ruled, in the following among many cases: Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521, 29 L. Ed. 725; Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729; Metcalf v. Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543; Morris v. Gilmer, 129 U. S. 315, 9 Sup. Ct. 289, 32 L. Ed. 690; Wetmore v. Rymer, 169 U. S. 115, 120, 121, 18 Sup. Ct. 293, 42 L. Ed. 682; Deputron v. Young, 134 U. S. 241, 252, 10 Sup. Ct. 539, 33 L. Ed. 923; Put-in-Bay v. Ryan, 181 U. S. 409, 430, 431, 21 Sup. Ct. 709, 45 L. Ed. 927; Holden v. Utah, etc., Co. (C. C.) 82 Fed. 209.

Finding the facts to be as stated, and the criterion of damages applicable to such facts to be as established by the Court of Appeals of Kentucky, the court was clearly of opinion, not only that it was legally impossible that any recovery for over $600, besides interest and costs, could have been had, but also that the plaintiff could not, when the suit was brought, have had any reasonable expectation of recovering a greater amount. It may be obvious, as the debt was only $28.95, with interest and costs to be added, that the levy would have been excessive, even if the property had belonged to Herman Sclarenco; nevertheless it cannot be forgotten that only part of it was damaged, and all of it was restored to plaintiff within 40 hours—a holiday included.

While the courts of the United States must take jurisdiction and enforce the rights of all litigants where the law so requires, it is not open to them to exercise power not given by law, and it is as much their duty to refuse jurisdiction when they have it not as it is to exercise it when the law gives it. It is also their duty, under section 37 of the Judicial Code, to exercise care to prevent impositions upon their jurisdiction whenever, intentionally or unintentionally, that is attempted or likely to result. This is a wise and wholesome rule.

In view of all these facts as found by the court, it was of opinion that it had not jurisdiction, and, having discharged the jury, it dismissed the action without prejudice and without costs. The plaintiff has moved for a new trial, and the motion has been attempted to be supported by citation of many authorities. Of themselves those authorities are very sound, but no one of them has any real bearing upon the merits of the motion.

The motion speaks of exceptions, but none was taken to the final action of the court, and the court recalls none taken to any part of the testimony; but inasmuch as the plaintiff's case may not have been prepared during the trial in such way as to be available for appellate proceedings, while we have no idea that any change in our own view of the law is probable, nevertheless we have concluded to grant the motion for a new trial, so that, if plaintiff desires to have the questions

involved decided upon appellate proceedings, her case may be so pre-
pared as to enable her to do so.

The defendant may, if so advised, by pleading raise the question of
jurisdiction.