## PAGE v. WRIGHT.

### No. 7328.

Circuit Court of Appeals, Seventh Circuit.

Dec. 12, 1940.

Gerald H. Page, of Peoria, Ill., and Wm. S. Warfield, III, and R. H. Merrick, both of Chicago, Ill., for appellant.

Morris Sider, Donald J. De Wolfe, and Harry D. Orr, Jr., all of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

This action was instituted by plaintiff, residuary legatee under the will of Georgia Owen Wright, to recover from the defendant, residuary legatee under the will of William Monroe Wright federal estate taxes alleged to have resulted from the improper inclusion in the estate of Georgia Owen Wright, for federal estate tax purposes, of a certain trust fund over which Georgia Owen Wright had a power of appointment under the will of William Mon-

[5] Bankruptcy Act, §§ 7, sub. a, 14, sub. b, 21, sub. a, 11 U.S.C.A. §§ 25, sub. a, 32, sub. b, 44, sub. a.

roe Wright. The District Court allowed plaintiff's motion for a summary judgment, entered March 25, 1940, from which this appeal was taken.

The validity of the judgment is assailed in numerous respects, including want of jurisdiction. A consideration of this question makes it unnecessary to state other issues or facts, except as they relate thereto.

Jurisdiction is claimed by reason of diversity of citizenship. Plaintiff's complaint, filed July 10, 1939, in the Northern District of Illinois, Eastern Division, after alleging that the "amount in controversy exceeds, exclusive of interest and costs, the sum of $3,000," states in Paragraph 1 "the plaintiff, Lucile Page, is a citizen of the State of Florida and the United States and is a resident of Coral Gables, Dade County, Florida"; and in Paragraph 2, "the defendant, Warren Wright, is a citizen of the State of Kentucky and of the United States, and resides in Fayette County, Kentucky." The oath attached to the complaint, made by plaintiff's attorney, states, "that the matters set forth in the foregoing complaint are true and correct, except as to the allegation of citizenship of the defendant, Warren Wright, which allegation is made upon information and belief." Defendant's answer, filed January 22, 1940, and subscribed to by defendant's attorney, in Paragraph 1, states: "This defendant admits that this court has jurisdiction of the parties hereto, and of the subject matter hereof." There is no other allegation or statement in the answer concerning jurisdiction.

Prior to the filing of this answer, however, defendant, by his attorney, on July 25, 1939, filed a motion to dismiss the action for failure to state a claim. Briefs were submitted by the respective parties, and on January 3, 1940, the court entered a memorandum opinion and overruled the motion to dismiss.

January 30, 1940, plaintiff filed a motion for summary judgment under Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. After oral argument, the court, on March 18, 1940, ruled for the plaintiff and ordered judgment. March 21, 1940, additional counsel appeared for the defendant and asked leave to withdraw the answer theretofore filed, and to file instanter an amended answer, which was presented to the court.

The only portion of the amended answer now material is that concerning jurisdiction, or, to be more specific, the citizenship of the defendant. The citizenship of the plaintiff was admitted as alleged in the complaint. As to the defendant, it stated: "Defendant denies that he is a citizen of the State of Kentucky, denies that he resides in Fayette County, Kentucky, and avers that he is a citizen and resident of the State of Florida, and resides in Miami Beach, Florida, and has so resided for more than two years last past." The answer alleged, in effect, that no diversity of citizenship existed inasmuch as both plaintiff and defendant were citizens and residents of the State of Florida. This proposed amended answer, subscribed to by the same attorney who subscribed to the original answer, further alleged: "That at the time of filing the original answer on behalf of the defendant in this cause, affiant failed to observe the allegation therein to the effect that the defendant, Warren Wright, was a citizen and resident of the State of Kentucky." The answer continued to the effect that the defendant also was not cognizant of the allegation in the complaint concerning his citizenship, and that when the defendant was apprised of the allegation in this respect, he instructed his attorney to correct the same.

March 25, 1940, defendant filed his motion to dismiss the cause for want of jurisdiction on the ground that there was no diversity of citizenship. This motion was supported by the affidavit of the defendant in which positive allegations were made that since the month of March, 1934, he had been a citizen and domiciled resident of Miami Beach, Florida, had exercised the rights of citizenship of that state, including the right to vote, and that he had never been a citizen of the State of Kentucky. March 25, 1940, the court denied leave to withdraw the original answer and to file the amended answer, and denied the motion to dismiss for want of jurisdiction.

It is defendant's contention that when it appeared to the court there was no diversity of citizenship, the cause should have been dismissed, or at least the court should have proceeded no further until the jurisdictional question was investigated and determined. On the other hand, it is contended by the plaintiff that inasmuch as the record disclosed jurisdiction, there was no duty upon the court to go behind the record even when offered proof that it was with-

out jurisdiction. In this connection, it is argued by the plaintiff that under such circumstances, it was discretionary with the court as to whether it would permit the filing of a plea raising the jurisdictional issue.

In the beginning, we are dubious of the soundness of plaintiff's argument that the record, at the time the jurisdictional question was raised, was sufficient in that respect. Plaintiff's argument is predicated upon the premise that the defendant "specifically admitted the jurisdictional allegations of the complaint." This is an overstatement of defendant's admission. Defendant's admission was that the court had jurisdiction. Nothing was admitted regarding the factual allegations of the complaint upon which jurisdiction was claimed. In other words, the defendant admitted no facts from which the court could say, as a matter of law, that jurisdiction existed. Defendant's answer amounted to nothing more than consent on his part that jurisdiction be taken. As we shall later point out, jurisdiction can not be conferred in this manner. In addition, the plaintiff's allegation with reference to the citizenship of defendant was made only upon information and belief, so it appears there is nothing in the record to support the allegation that the defendant was a citizen of Kentucky except the belief of the attorney for the plaintiff. As stated, we have serious doubts as to whether a record of this character could be sustained in face of a direct jurisdictional attack. We need not come to a decision in this respect, however, and only discuss it in the beginning for the purpose of showing that plaintiff's premise of good jurisdictional averments is somewhat insecure.

Whether this premise be sound or otherwise, we now come to the more important question as to whether the court was duty bound to consider the jurisdictional question raised by the amended answer sought to be filed, or by the motion to dismiss supported by affidavit showing no diversity of citizenship. Defendant relies, of course, upon Section 5 of the Act of March 3, 1875, 28 U.S.C.A. § 80, and the decisions of the courts construing it. The pertinent language of the act provides: "If * * * it shall appear to the satisfaction of the said district court, at any time after such suit has been brought * * *, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court,

or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable * * under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit * * *."

In McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, the court made an extensive analysis of this provision, including a review of previous authorities. We do not regard the case as determinative of the question before us for the reason that the court was there dealing with a situation where the defendant had denied the jurisdictional averments. The case was reversed, the court holding that the burden was upon the plaintiff to prove its jurisdictional averments, which it had failed to do. In discussing the general question, however, the court used some pertinent language. On page 184 of 298 U.S., page 783 of 56 S.Ct., 80 L.Ed. 1135, it said: "* * The trial court is not bound by the pleadings of the parties, but may, of its own motion, if led to believe that its jurisdiction is not properly invoked, 'inquire into the facts as they really exist.' * * *"

On page 189 of 298 U.S., page 785 of 56 S.Ct., 80 L.Ed. 1135, it said: "* * * The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. * * * If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence. * * *"

In Morris v. Gilmer, 129 U.S. 315, 9 S. Ct. 289, 32 L.Ed. 690, a situation is described similar to the instant one. There the parties had litigated to a conclusion a case in the State Court of Alabama. 80 Ala. 78, 60 Am.Rep. 85. Plaintiff moved, or pretended to move, to the State of Tennessee and brought another action on the same subject matter in the federal court. C.C., 30 F. 476. The defendant's plea of res judicata was denied and subsequently defendant answered. Later, a motion to

452

dismiss was made on the ground that the plaintiff was not a citizen of Tennessee. This motion was denied and a decree entered for the plaintiff. The cause was reversed by the Supreme Court, with directions to dismiss the suit. In that case, it was argued, as here, that the defendant had waived or was estopped from raising the jurisdictional question after the case had been decided upon its merits. The court decided against this contention, and on page 326 of 129 U.S., page 292 of 9 S. Ct., 32 L.Ed. 690, said: " * * * We have already seen that this court must, upon its own motion, guard against any invasion of the jurisdiction of the circuit court of the United States as defined by law, where the want of jurisdiction appears from the record brought here on appeal or writ of error. At the present term it was held that whether the circuit court has or has not jurisdiction is a question which this court must examine and determine, even if the parties forbear to make it, or consent that the case be considered upon its merits. * * *" (Circuit Court in this quotation is the equivalent of District Court as presently constituted.)

Also, in that case, as here, the plaintiff relied upon Hartog v. Memory, 116 U.S. 588, 6 S.Ct. 521, 29 L.Ed. 725. In the Morris case, supra, the court, in referring to the Hartog case, on page 327 of 129 U. S., on page 292 of 9 S.Ct., 32 L.Ed. 690, said: "Nor does the case of Hartog v. Memory sustain the position taken by the defendant; for it was there said that 'if, from any source, the court is led to suspect that its jurisdiction has been imposed upon by the collusion of the parties, or in any other way, it may at once, of its own motion, cause the necessary inquiry to be made, either by having the proper issue joined and tried, or by some other appropriate form of proceeding, and act as justice may require for its own protection against fraud or imposition.' * * *"

A résumé of some of the cases dealing with the application of Section 5 conclusively demonstrates the strict construction given this provision by the courts under a variety of circumstances. In Morris v. Gilmer, supra, the court, on page 326 of 129 U.S., on page 292 of 9 S.Ct., 32 L.Ed. 690, said: " * * * And the statute does not prescribe any particular mode in which such fact may be brought to the attention of the court. It may be done by affidavits, or the depositions taken in the cause may

be used for that purpose. However doi ₛ it should be upon due notice to the parties to be affected by the dismissal."

In Gilbert v. David, 235 U.S. 561, 568, 35 S.Ct. 164, 166, 59 L.Ed. 360, the court in discussing the delay in raising the jurisdictional question, said: " * * * Apart from the imperative duty of the court to dismiss the action under the statute, when it appears that the case is not within the jurisdiction of the court, we find nothing in the conduct of the parties to support the suggestion of laches. If it be true that the statute of limitations would prevent the beginning of a new action in the state court, that fact cannot confer jurisdiction upon a court of the United States, in the absence of a showing of diverse citizenship."

In Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338, the court said: " * * * Unlike an objection to venue, lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties. An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review. * * *"

In Kelley v. United States, D.C., 59 F. 2d 743, 744, the court said: "It is equally well settled that it is the duty of the federal court, at every stage of proceedings pending before it, to examine into the question as to whether it has jurisdiction over the subject-matter and parties to such proceedings, and, whenever it becomes satisfied that it lacks such jurisdiction, to immediately take cognizance thereof and refuse to proceed further, regardless of the absence of an objection by any of the parties, and even if all of such parties are willing to waive such objection. [Citing cases] * * *."

In Goldstone v. Payne, 2 Cir., 94 F.2d 855, certiorari denied 304 U.S. 585, 58 S. Ct. 1057, 82 L.Ed. 1547, the case had been tried, resulting in a verdict for the plaintiff. The defendant then moved for dismissal for lack of jurisdiction, which motion was denied by the District Court. In reversing the case, the court, on page 857 of 94 F.2d, said: " * * * But, where the court lacks jurisdiction over the subject matter of a case, the defect is not cured by getting personal jurisdiction of the defendant. Such a want of jurisdiction cannot be waived by pleading or any other form of consent—not even by going to trial. * * *"

In Schell v. Food Machinery Corporation, 5 Cir., 87 F.2d 385, 387, the court said: "* * * The question of federal jurisdiction is ever present and self-asserting. The court must of its own motion and even against the consent or the protest of parties consider it. * * *"

In Anderson v. Bassman, C.C., 140 F. 10, the jurisdictional question was not raised until more than a year after the trial of the case had closed, when affidavits were filed as to the citizenship of one of the defendants. The court, after discussing Section 5, and the case of Morris v. Gilmer, supra, on page 13 of 140 F. said: "The court is, therefore, not at liberty to disregard these affidavits, but must determine whether or not the case is properly within the jurisdiction of the court. * *"

Tower Hill Connellsville Coke Co. v. Piedmont Coal Co., 4 Cir., 33 F.2d 703, is another case where the jurisdictional question was not raised until after trial, and the court had filed a memorandum decision indicating how the case would be decided. The court held that the motion did not come too late, and on page 706 of 33 F.2d, said: "* * * It has, however, long been settled in the federal courts that the question of jurisdiction may be raised at any stage of the proceedings, and will be passed on by the court of its own motion whenever it comes to its attention. * * *"

▮ From the authorities referred to, the conclusion seems inescapable that the duty devolves upon the court "at any time" the jurisdictional question is presented to proceed no further until that question is determined. It can not be conferred by agreement, consent or collusion of the parties, whether contained in their pleadings or otherwise, and a party can not be precluded from raising the question by any form of laches, waiver or estoppel. So, in the instant case, if the parties jointly or singly had consented or agreed to jurisdiction, it would have been of no avail in face of the fact that the question was forcibly and directly called to the attention of the court. The answer of the defendant conceding jurisdiction amounted to no more than consent, and as seen, jurisdiction can not be thus conferred irrespective of whether the consent was the result of an honest mistake or otherwise.

In view of the importance of the involved question, we think we should not conclude without some further discussion of plaintiff's position and the authorities relied upon in support thereof. Generally, we think, they are distinguishable although there are some which support the proposition that a jurisdictional attack not timely made is waived. Draper v. Town of Springport, C.C., 15 F. 328, 332; Gubbins v. Laughtenschlager, C.C., 75 F. 615; and Briggs v. Traders' Co., C.C., 145 F. 254, 257. These are all District Court cases and we believe are hopelessly in the minority. There is also language in Hartog v. Memory, supra, which apparently supports plaintiff's argument, but which was distinguished, if not repudiated, in the later case of Morris v. Gilmer, supra, as shown heretofore. In Mexican Central Railway Co. v. Pinkney, 149 U.S. 194, 200, 13 S.Ct. 859, 37 L.Ed. 699, the court sustained the trial court in its refusal to permit the filing of a plea during trial, raising a jurisdictional question on the ground that such refusal was a discretionary matter. It must be conceded, we think, that it is not easy to reconcile the holding in this respect with the many decisions both prior and subsequent thereto which have adopted a different view. Giving full effect, however, to the holding of this case, it only goes to the extent of supporting the action of the District Court in its refusal to permit the filing of an amended answer. The court still was confronted with the motion to dismiss supported by affidavit which squarely and directly presented the jurisdictional issue.

Hill v. Walker, 8 Cir., 167 F. 241, strongly relied on by plaintiff, is not in point. There the complaint alleged diversity of citizenship. The answer was to the merits with a general denial which it was claimed placed the jurisdictional averments in issue. The opinion has to do largely with the burden of proof. The court said, page 243 of 167 F.: "* * * The inaccuracy of the proof was in no way challenged in the trial court, but is now presented here for the first time."

The case was decided on the basis that an examination of the record supported the jurisdictional allegations of the complaint. The court, however, recognized the general rule, when on page 255 of 167 F., it said: "* * * The act of 1875 provides that such objections may be taken 'at any time,' and, as that statute has been interpreted by the Supreme Court, they may also be taken in any manner. * *"

The cases of Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104, and Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329, cited by plaintiff, have no application. In each of those cases, the attack on jurisdiction was collateral and not direct. The court, in each case, was considering a plea of res judicata to avoid which the contention was made that the court which had previously passed on the merits of the case had no jurisdiction. It was held that the jurisdictional attack made in this manner could not prevail.

It is also urged by plaintiff that by reason of Rules 12 and 15 of the Rules of Civil Procedure, the raising of the jurisdictional issue is a matter in the court's discretion, a denial of which is subject to review only upon a showing of an abuse of discretion. Rule 12(b) provides that the following defenses may be made at the option of the pleader by motion: (1) Lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, and (6) failure to state a claim upon which relief can be granted. The rule then provides: "A motion making any of these defenses shall be made before pleading if a further pleading is permitted." Paragraph (h) entitled "Waiver of Defenses" provides in substance that all defenses and objections which are not appropriately made are waived except (2) "that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. The objection or defense, if made at the trial, shall then be disposed of as provided in Rule 15(b) in the light of any evidence that may have been received." Rule 15(b) is entitled "Amendments to Conform to the Evidence," and need not be quoted. In substance, it makes provision for the amendment of the pleadings upon motion of any party so as to conform to the evidence, and such amendment may be made at any time even after judgment.

The construction of these rules, as sought by plaintiff, would in our judgment, have the effect of repealing Section 5 of the Act of March 3, 1875, 28 U.S.C.A. § 80, and the construction generally given the act, discussed heretofore, would no longer prevail. So far as we are able to ascertain, the point advanced has not been decided. It is not reasonable to believe, however, that it was the intention to impair or limit the right to raise a jurisdictional question "at any time after such suit has been brought."[1] It appears that the phraseology contained in 12(h) "jurisdiction of the subject matter," and that in 12(b) (1) "lack of jurisdiction over the subject matter" in each instance includes "diversity of citizenship." Where jurisdiction depends upon such diversity, it would seem that such is an essential element of the subject matter of the suit the same as the jurisdictional amount. As employed in these rules, the subject matter is something separate and distinct from the cause of action. This construction of 12 (h) which provides "that, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" is consistent with the statutory provision. In this connection it may be noted that none of the defenses enumerated in 12(b), except (1), is immune from waiver. This is consistent with authorities generally that defenses enumerated by (2), (3), (4), (5) and (6) of Rule 12(b) may be waived. For instance, where the jurisdictional amount and diversity of citizenship are shown, the parties may submit to jurisdiction over their person (2), may waive improper venue (3), insufficiency of process (4), and the other defenses to which reference is therein made. We, therefore, are of the opinion that there is nothing in these rules which limits the right of a party to raise the question of diversity of citizenship "at any time."

In reaching the conclusion that the court should have heard and determined the jurisdictional question, we are not unmindful that a trial court, as well as a reviewing court, may well be aggravated at the course of counsel which permits a cause to proceed to a point where an adverse decision is in prospect and then, for the first time, raise the question. Certainly, there is a duty imposed upon counsel to deal fairly

---

[1] Under note to Rule 12, Subdivision (h) of the notes of the Advisory Committee on Rules, is this statement: "This rule continues U.S.C., Title 28, § 80 [28 U.S.C.A. § 80] (dismissal or remand) (of action over which district court lacks jurisdiction), while U.S.C., Title 28, § 399 [28 U.S.C.A. § 399] (amendments to show diverse citizenship) is continued by Rule 15." Also see Carter et al. v. Powell et al., 5 Cir., 104 F.2d 428.

and sincerely with the court and opposing counsel so as to conserve the time and expense of all, and that actions may be litigated in an orderly manner. In the instant case it may be that counsel for the defendant made an unintentional mistake although such a situation is not easy to visualize. It is not difficult to conceive a case where the conduct of counsel by an intentional failure to raise the jurisdictional question in the beginning could well be termed reprehensible. In fact, counsel, under such cirumstances, might properly be subjected to disciplinary action on the part of the court. This discussion, however, is inapposite to the question of jurisdiction.

The judgment is reversed and remanded, with directions that the cause proceed no further until there is a determination by the court of the jurisdictional question raised by the motion to dismiss.