### PARKER v. MORRILL.

An appeal will be dismissed where it does not appear by the record, or otherwise, that the value of the matter in dispute exceeds $5,000.

MOTION to dismiss an appeal from the Circuit Court of the United States for the District of West Virginia.

The case is stated in the opinion of the court.

*Mr. Gideon D. Camden* in support of the motion.

*Mr. D. D. Lord, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a motion to dismiss for the reason that it does not appear in the record or by affidavits that the value of the matter in dispute exceeds $5,000. The record shows that Willard Parker, Jr., the appellant, as the owner of one undivided twentieth part of a large tract of land in West Virginia, embracing within its boundaries several hundred thousand acres, filed his bill in equity against Willard Parker, Sen., as the owner of the remaining nineteen-twentieths, and Morrill, the appellee, for a partition as between himself and Parker, senior, and to remove a cloud upon the title to a part of the tract caused by a claim set up by Morrill. Upon the hearing the court below dismissed the bill as to Morrill, and from a

decree to that effect Parker, junior, took this appeal.  Parker, senior, did not appear as an actor in the court below, and has not united in the appeal.

The lands claimed by Morrill are not described either in the bill or in the answer of Morrill, otherwise than by reference to certain patents under which he assumed to hold.  These patents covered between fifty and sixty thousand acres.  In one of the depositions it is shown that when the suit was begun Morrill claimed about twenty-five thousand acres.  The value of the property is nowhere stated.  The whole tract in which Parker, junior, claimed his undivided interest included very much more than the Morrill lands.  On the 11th of January, 1854, this whole tract was conveyed to Peter Clark by deed reciting a consideration of $3,090.  Clark, on the 29th of March, 1854, conveyed it to William W. Campbell by deed, in which the consideration is stated to have been $8,000.  On the 5th of May, 1858, Campbell conveyed to Parker, senior, for a nominal consideration, and on the 2d of November, 1872, Parker, senior, conveyed the one undivided twentieth to Parker, junior, for $2,000.  In his petition for this appeal, filed Sept. 8, 1880, Parker, junior, states the value of the lands claimed by Morrill to be over $2,000.  Notice of the present motion was served on the counsel for the appellant in May last.  The brief in support of the motion was filed here on the 6th of May.  That of the appellant was filed on the 7th of October.  Notwithstanding the dismissal was claimed on account of the value of the matter in dispute, no attempt has been made by the appellant to supply the defect in the record by affidavits, as under our practice might have been done, but to defeat the motion he relies entirely on the evidence of value to be found in the record.

As the case stands, only the interest of Parker, junior, in the lands is in question here.  This is one undivided twentieth part only.  As Parker, senior, has not appealed, the value of his interest in the property cannot be taken into the account. The claim of Morrill is only for twenty-five thousand acres. One-twentieth of this would be twelve hundred and fifty acres, and certainly, in the light of the facts appearing all through the record, we cannot say that their value exceeds $5,000.

*Appeal dismissed.*