## WILSON *v.* BLAIR.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF NEBRASKA.

Submitted November 15, 1886. — Decided December 13, 1886.

When the record in the court below is silent as to the value of the matter
in dispute, it is good practice for that court to allow affidavits and coun-
ter affidavits of value to be filed under directions from the court.

The burden of proof is on plaintiff in error, when the record is silent as to
the value of the subject-matter in dispute, to establish that it is of the
jurisdictional value.

This was an action for the possession of real estate. Judg-
ment for plaintiff. Defendant sued out this writ of error.
The defendant in error moved to dismiss for want of jurisdic-
tional value in the matter in dispute.

*Mr. Lewis A. Groff, Mr. C. S. Montgomery,* and *Mr. M. H.
Sessions* for the motion.

*Mr. C. O. Whedon* and *Mr. J. C. Crooker* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Our jurisdiction in this case depends on the value of the
matter in dispute. Final judgment was entered in the action
May 24, 1884. At that time there was nothing in the record
to show the value. On the 16th of September, 1884, on mo-
tion, leave was given the defendant in the court below to file
affidavits of value that day, and the plaintiff to file counter
affidavits in twenty days. This was good practice, and, if
oftener adopted, would save trouble to parties and to us.
Under this leave, and others of a similar character, which were
afterwards granted, a considerable number of affidavits were
filed by both parties. The affidavits were contradictory, some
having a tendency to prove that the value was more than five
thousand dollars, and others that it was less. On the 5th of
May, 1885, the district judge, without formally deciding the
question of value, allowed a writ of error, thus sending the

case here on the affidavits, free from any decision whatever by the court below as to their effect. In this respect the case differs from *Gage* v. *Pumpelly*, 108 U. S. 164, where the appeal was allowed by the court in session after considering the affidavits; and from *Zeigler* v. *Hopkins*, 117 U. S. 683, where the value was found as one of the facts in the case.

The burden of showing jurisdiction is on the plaintiff in error. He must establish as a fact by a fair preponderance of testimony that the value of the property in dispute exceeds five thousand dollars. This he has not done. Two witnesses swear that the property is worth more than six thousand dollars, and eight that it is worth five thousand dollars, "or more." These are for the plaintiff in error, but there are eight on the other side who say it is worth only from about $3000 to about $3500, and the certificate of the county clerk shows that it was valued for taxation in 1884 at only seven hundred dollars. Under these circumstances, we think the decided preponderance of the evidence is against our jurisdiction, and the motion to dismiss is therefore granted.

*Dismissed.*