## TALKINGTON *v.* DUMBLETON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF OREGON.

Submitted December 15, 1887. — Decided December 19, 1887.

When the value of the property in dispute is one of the questions in the case and was necessarily involved in its determination in the court below, this court will not, on a motion to dismiss for want of jurisdiction, consider affidavits tending to contradict the finding of that court in respect of its value.

MOTION to dismiss for want of jurisdiction. The case is stated in the opinion of the court.

*Mr. Frank V. Drake* for the motion.

*Mr. John H. Mitchell* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This suit was brought on the 10th of April, 1886, by Henry M. Dumbleton, the appellee, to set aside a conveyance of lands made by him to F. P. Talkington, one of the appellants, on the 23d of February, 1885, in exchange for the interest of Talkington in a saloon, on the ground that the exchange was brought about and the conveyance obtained by the false and fraudulent representations of Talkington as to the value of his property. In his bill Dumbleton alleged that the value of the land was $7000, and that Talkington represented to him

that the value of the property to be given in exchange therefor was of equal amount, or more.

In his answer, which was filed May 14, 1886, Talkington denied that the land, "or complainant's interest therein, was on February 15, 1884, or at any time since, has been of the value of $7000, or of any greater value than $4000," and he averred that at the time of the exchange "the said saloon, stock in trade, and the good will thereof was of the value of at least $4000." Upon the issue thus presented testimony was taken by both parties, that for Dumbleton tending to prove that the value was $7000, and that for Talkington that it was less than $4000. A decree was entered November 8, 1886, finding that the value of the land "was and still is $5000, and no more," and directing Talkington to reconvey on the payment to him of the sum of $812.

From that decree Talkington and his codefendants, who claim under him, took this appeal, which Dumbleton moves to dismiss because the value of the matter in dispute does not exceed $5000, that being the amount now required for our jurisdiction on appeals and writs of error from the Supreme Courts of the Territories in cases like this. Act of March 3, 1885, 23 Stat. 443, c. 355. To overcome the effect of the finding of the court upon the question of value, the appellants present here the affidavits of sundry persons tending to show that the actual value of the land at the time of the decree was sufficient for our jurisdiction, and they ask that these affidavits may be considered upon this motion.

Inasmuch as the appellants sought in the court below to establish as part of their defence the fact that the land was not worth $7000, but only $4000, and succeeded so far as to get the court to find that it did not exceed $5000, we are not inclined to allow the same parties, for the purpose of establishing our jurisdiction, to show by affidavits that the answer of Talkington, the principal defendant, and sworn to by him, was erroneous in that particular, even if, under any circumstances, it would be permissible to show by affidavits that the value appearing in the record was not the true value, which we by no means admit. In *Zeigler* v. *Hopkins*, 117 U. S.

683, 689, where affidavits were submitted, the finding of the court below as to value was not a material question in the case upon its merits, but was more in the nature of an inquiry for the purpose of determining whether an appeal should be allowed, as in *Wilson* v. *Blair*, 119 U. S. 387. Here, however, the value of the property was one of the questions in the case and necessarily involved in its determination.

As the value of the matter in dispute is, according to the finding of the court below, not more than $5000,

*The motion to dismiss is granted.*