## RED RIVER CATTLE COMPANY *v.* NEEDHAM.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF TEXAS.

No. 1362. Submitted December 15, 1890. — Decided January 5, 1891.

When the demand in controversy is not for money, but the nature of the
action requires the value of the thing demanded to be stated in the
pleadings, affidavits will not be received here to vary the value as appear-
ing in the face of the record.

The filing of affidavits as to value will not ordinarily be permitted where
evidence of value has been adduced below on both sides, and the proofs
have been transmitted, either with or without the announcement of a
definite conclusion deduced therefrom.

Where a writ of error is brought, or an appeal taken, without question as
to the value, and the latter is nowhere disclosed by the record, affidavits
may be received to establish the jurisdictional amount, and counter affi-
davits may be allowed if the existence of such value is denied in good
faith.

If there be a real controversy as to the value of the demand in controversy,
it should be settled below in the first instance, and on due notice; not
here upon *ex parte* opinions.

The value of the property in dispute in this case was alleged in the petition,
but was not an issuable fact. The Circuit Court allowed the writ of
error on the *prima facie* showing made by the defendant. The plaintiffs

subsequently presented evidence to the contrary, but that court declined to decide the controversy and referred it to this court. *Held,*

(1) That, under such circumstances it was not proper to allow affidavits as to value to be filed here;

(2) That the jurisdictional value was not made out by a preponderance of evidence.

MOTION TO DISMISS. The case is stated in the opinion.

*Mr. W. Hallett Phillips* for the motion.

*Mr. Sawnie Robertson* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action of trespass to try title, brought by Needham and others against the Red River Cattle Company in the Circuit Court of the United States for the Northern District of Texas.

The petition alleged the land to be of the reasonable value of $4400. Defendant pleaded not guilty and the statute of limitations. A verdict was rendered in favor of plaintiffs for an undivided one-half interest in the land sued for, and judgment was entered thereon January 24, 1890. A motion for new trial was overruled on the 10th of February, and on that day the defendant filed three affidavits, tending to show that the half interest had a value in excess of $5000, whereupon a writ of error was allowed.

On the 22d of February, plaintiffs filed a motion to set aside the allowance of the writ of error, (stating want of notice of the application for it,) accompanied by four affidavits and a letter from the county where the land was situated, tending to establish that the value of one-half was far less than $5000, upon which the Circuit Court entered the following order : " On this day came on to be heard the motion of the plaintiffs to set aside the writ of error granted herein ; and the court having heard and considered said motion, and being of the opinion that the question of the value of the land in controversy is a question that the trial judge is not called upon to

decide, but one to be determined in the Supreme Court on the affidavits if they see fit to consider them, in order to determine their jurisdiction, it is ordered by the court that said motion be refused."

The record having been filed in this court, and notice of a motion to dismiss given, plaintiff in error, without leave first obtained, submits, with its brief upon the motion, eight additional affidavits in reference to value, and defendants in error ask that if these are considered, time may be given to them to produce counter affidavits.

As stated by Mr. Chief Justice Taney, in Richmond v. Milwaukee, 21 How. 391, in cases in which the value does not, according to the usual forms of proceeding, appear in the pleadings or evidence in the record, affidavits have been received to show that the value is large enough to give jurisdiction to this court; Course v. Stead et ux., 4 Dall. 22; Williamson v. Kincaid, 4 Dall. 19; but "in Bush v. Parker, 5 Cranch, 257, Mr. Justice Livingston expressed his opinion strongly against giving time to file affidavits of value, and the court refused to continue the case for that purpose." And the Chief Justice added that a practice to postpone or reinstate a case in order to give the party time to furnish such affidavits "would be irregular and inconvenient, and might sometimes produce conflicting affidavits, and bring on a controversy about value occupying as much of the time of the court as the merits of the case." The rule was then declared that "where the value is stated in the pleadings or proceedings of the court below, affidavits here have never been received to vary it or enhance it, in order to give jurisdiction."

In Talkington v. Dumbleton, 123 U. S. 745, it was accordingly held that when the value of the property in dispute was necessarily involved in the determination of the case in the court below, this court would not, on a motion to dismiss for want of jurisdiction, consider affidavits tending to contradict the finding of that court in that respect; and Mr. Chief Justice Waite remarked: "In Zeigler v. Hopkins, 117 U. S. 683, 689, where affidavits were submitted, the finding of the court below as to value was not a material question in the case upon

its merits, but was more in the nature of an inquiry for the purpose of determining whether an appeal should be allowed, as in *Wilson* v. *Blair*, 119 U. S. 387. Here, however, the value of the property was one of the questions in the case and necessarily involved in its determination."

In *Zeigler* v. *Hopkins*, this court treated the finding of the court below upon the question of value as entitled to well-nigh conclusive weight; while in *Wilson* v. *Blair*, it was declared to be good practice for the Circuit Court to allow affidavits and counter affidavits of value to be filed, as calculated to save trouble to the parties and to the court. There, as in the case at bar, the district judge holding the Circuit Court, without the formality of deciding the question of value, allowed the writ of error, thus sending the case here on the affidavits free from any decision whatever as to their effect.

In *Gage* v. *Pumpelly*, 108 U. S. 164, the appeal was allowed after a contest as to the value of the matter in dispute, Judge Blodgett, who held the Circuit Court, filing an opinion upon the question; and Mr. Chief Justice Waite, speaking for the court, said : " When an appeal has been allowed, after a contest as to the value of the matter in dispute, and there is evidence in the record which sustains our jurisdiction, the appeal will not be dismissed simply because upon examination of all the affidavits we may be of the opinion that possibly the estimates acted upon below were too high."

The result of the cases may be fairly stated to be: (1) Where the demand is not for money but the nature of the action requires the value of the thing demanded to be stated in the pleadings, affidavits will not be received here to vary the value as appearing upon the face of the record; (2) nor will the filing of such affidavits be ordinarily permitted where evidence of value has been adduced below on both sides, and the proofs have been transmitted either with or without the announcement of a definitive conclusion deduced therefrom; (3) but where the writ of error is brought or appeal taken without question as to the value, and the latter is nowhere disclosed by the record, affidavits may be received to establish the jurisdictional amount, and counter affidavits may be

allowed if the existence of such value is denied ·in good faith.

The practice of permitting affidavits to be filed in this court arose from instances of accidental omission, where the value was not really in dispute, and it should not be encouraged to the extent of requiring us to reach a result upon that careful weighing of conflicting evidence, so frequently involved in determining issues of fact. If there be a real controversy on the point, let it be settled below in the first instance and on due notice; not here, upon *ex parte* opinions, which may embody nothing more than speculative conclusions.

In the case in hand, the value of the whole property was alleged in the petition, but was not an issuable fact, and the Circuit Court allowed the writ of error upon the *prima facie* showing made by the defendant, and on plaintiff's subsequently presenting evidence to the contrary, the controversy was referred to this court. This being the attitude of the case, we do not think it proper to allow affidavits to be filed here as if the question were now raised for the first time. Upon an examination of the record as returned, we are clear that the jurisdictional value is not made out by a preponderance of evidence. The motion to dismiss will, therefore, be sustained.

*Writ of error dismissed.*