RED RIVER CATTLE CO. *v.* NEEDHAM *et al.*

*(Circuit Court, N. D. Texas. July, 1891.)*

SECOND WRIT OF ERROR—APPROVAL OF BOND—GRANTING CITATION.

After a writ of error has been dismissed by the supreme court upon the ground that the preponderance of the evidence in the record shows that the property recovered was not of sufficient value to give that court jurisdiction, a second writ of error is not a writ of right, which, when issued by the clerk, makes it obligatory upon a judge to sign the citation and approve the bond, even though additional evidence as to the value of the property has been presented to the trial court.

Application to Justice LAMAR to have him sign a citation and approve a bond on a second writ of error. At chambers, Washington.

LAMAR, Justice. This is an application made to me by Robertson & Coke, attorneys for the Red River Cattle Company, in the above case, to sign a citation and approve a bond, in order to render effectual a second writ of error issued by the clerk of the circuit court of the United States for the northern district of Texas. The facts as they appear from the application and in the report of the case of *Red River Cattle Co.* v. *Needham,* 137 U. S. 632, 11 Sup. Ct. Rep. 208, are as follows: On January 24, 1890, in an action of trespass to try title, R. H. Needham and wife, D. R. Gash and wife, and John M. Gilbert, plaintiffs, recovered a judgment against the Red River Cattle Company, defendant, in the above-mentioned court, for an undivided one-half interest in a tract of land situated in the northern district of Texas. On the trial the defendant's attorneys excepted to certain rulings of the court alleged to be erroneous, and took bills of exceptions, which were duly signed and incorporated in the record. On February 10, 1890, they applied to the Honorable A. P. Mc-CORMICK, district judge, before whom the trial was had, for a writ of error, and filed with said application three formal affidavits, to show that the value of the land recovered was more than $5,000. On the same day the writ was allowed and perfected. On February 22d following, defendants in error filed a motion asking the court to set aside the allowance of the writ of error, on the ground, among others, that the matter in controversy was not of sufficient value to confer jurisdiction on the supreme court, and filed with said motion a number of affidavits to sustain this position. Perhaps it is proper to mention here that the application to me states that this motion was made without any notice to the defendant or its attorneys, and without any knowledge on their part that there was any controversy as to the sufficiency of the amount in dispute. This latter allegation is hardly consistent with the previous statement that the defendant itself filed three affidavits before the motion to set aside the allowance of the writ of error was filed, tending to show that the half interest recovered had a value in excess of $5,000. The court overruled this motion, and entered the following order:

"On this day came on to be heard the motion of the plaintiffs to set aside the writ of error granted herein; and the court having heard and considered said motion, and being of the opinion that the question of the value of the land in controversy is a question that the trial judge is not called upon to decide, but one to be determined in the supreme court on the affidavits, if they

see fit to consider them, in order to determine their jurisdiction, it is ordered by the court that said motion be refused."

The record was taken by the plaintiff in error to the supreme court, where, after notice of a motion to dismiss was given, plaintiff in error submitted eight additional affidavits, in reference to value, tending to show that the value of the matter in controversy was sufficient to confer jurisdiction upon the supreme court. The motion to dismiss was supported upon the ground that the petition in the circuit court having alleged the value of the land at less than $5,000, which allegation had not been controverted in the pleadings and evidence, the value could not now be called in question by affidavits; and also on the ground that, if the value could be shown by affidavits, the preponderance on said affidavits was in favor of the defendants in error. This motion to dismiss was resisted by plaintiff in error on the ground that the allegation of value in the petition was not issuable in such an action; and also on the ground that the affidavits filed in the supreme court showed, beyond controversy, the jurisdictional amount. The supreme court held that, while the allegation of value in the petition in the court below was not issuable, the affidavits filed in the supreme court would not be considered; but that those filed in the court below, and those only, would be considered; and that upon those so filed below the jurisdictional value was not made out by a preponderance of evidence; and that, therefore, the motion to dismiss must be sustained. 137 U. S. 632, 11 Sup. Ct. Rep. 208. On May 29, 1891, several months after the dismissal of the writ of error by the supreme court, the plaintiff in error served notice on the defendants in error that it would file affidavits of value in the trial court showing that the value of the land in controversy was sufficient to give the supreme court jurisdiction, and that it would, on June 15th, or as soon thereafter as the court would consider the matter, apply for a second writ of error in said cause. On June 29, 1891, plaintiff in error filed a number of affidavits tending to show the requisite value of the matter in controversy. Defendants in error, by their attorney, George H. Plowman, opposed the allowance of this second writ of error, and the judge refused to allow it, for the following reasons:

"Judgment in this case having been rendered 24th January, 1890, and a writ of error allowed the defendant 10th February, 1890, on which the case was taken to the supreme court when the plaintiff [defendant in error in the supreme court] moved to dismiss the writ of error, on the ground that the value of the land in controversy did not exceed $5,000, the said matter being fully argued and considered by the supreme court, said writ of error was dismissed on the ground urged in said motion; and the defendant having had his day in this court, and [in] the supreme court, it is in my judgment concluded, and I decline to allow this the second application for a writ of error. If it is entitled to the writ at all, the allowance by the trial judge is unnecessary; and, if any action of the trial judge is necessary in the matter, he is of the opinion that the defendant is not entitled to the writ of error now applied for, and he therefore declines to allow the same."

"*June* 30, 1891.          A. P. McCORMICK, U. S. District Judge."

Attorneys for the plaintiff in error then had the clerk issue the second writ, and they thereupon filed a duplicate of a citation and bond. The

judge refused to sign any citation or approve any bond. I am now requested to approve the bond in question, and to sign the citation. In my view of the case the request must be denied. The ground upon which it is based is, that a writ of error is a writ of right, which, when issued by the clerk of the court in which the case was tried, even without its allowance by the trial judge, makes it the duty of such judge to render the writ effective by signing a citation and approving a proper bond, filed within the proper time; and that the question whether, in this particular case, the party is entitled to a writ of error is one not for the judge to decide in considering this application, but should be left to the supreme court to pass upon, whose province it is to determine its own jurisdiction, and to dismiss the case, if improperly brought there. I do not assent to this view. A writ of error is a writ of right in a proper case, but only in a proper case. It is not a writ of right in a case where the action or decision of the court or judge is not the proper subject of a bill of exceptions or a writ of error. I concur in the view of the district ·judge in the trial court, that the plaintiff in error was not entitled to the second writ of error which his counsel procured to be issued by the clerk of the court. It is also my opinion that he was justified in refusing to sign a citation and approve a bond upon said writ of error procured to be issued in disregard of his denial of the application to allow the same.

It is clear, both from the application itself, and from the report of the case in the supreme court, that this controversy, as to the sufficiency of the value of the property recovered, arose in the circuit court upon the affidavits filed by the plaintiff in error, and the counter-affidavits presented by the defendants in error; that the controversy was referred to the supreme court; that the supreme court decided that, upon the examination of the record as returned, the jurisdictional value was not made out by a preponderance of evidence; and that the writ of error must be dismissed. I think the question sought to be again presented to the trial court by additional affidavits, and through me to the supreme court, is *res adjudicata*. This application, in effect, asks that I shall, by signing the citation and approving the bond in question, render the writ of error effectual to bring before the supreme court the very same question which it has decided in the very same case. I cannot sanction a practice under which a repetition of appeals or writs of error from the supreme court may be allowed in cases which have been once decided by that tribunal.

The case of *Ex parte Virginia Com'rs*, 112 U. S. 177, 5 Sup. Ct. Rep. 421, cited by the attorneys for the application, does not support their contention. That was a motion for a rule to show cause why a writ of *mandamus* should not issue to the judges of the court below commanding them to allow a writ of error, to review a judgment of said court, to fix the penalty of the bond in error, and to sign a citation on said writ of error. The motion was denied by the supreme court, upon the ground that no formal allowance by the circuit court of a writ of error from this court to review a judgment of that court was necessary. It is true the court says: "The writ issues in a proper case, as a matter of right; but, when sued out, security must be given, and a citation to the adverse

party signed." It will be observed that the court declares this writ to be a writ of right "in a proper case;" but there is nothing either in the decision or in the language of the opinion from which it can be inferred that, after a writ of error has been dismissed by the court upon the ground that the record fails to show the jurisdiction of the court, a second writ of error is a writ of right, which, when issued by the·clerk, makes it obligatory upon a judge to sign the citation and approve the bond thereon. If the question of the jurisdictional value of the property recovered is to be again presented to the supreme court, it should be done by a motion before the supreme court in session, for a writ of *mandamus*, commanding the district judge to approve said bond and sign said citation. The application is therefore denied.