## EXPORT AND IMPORT LUMBER COMPANY *v.* PORT BANGA LUMBER COMPANY.

### APPEAL FROM THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 686. Argued March 15, 1915.—Decided April 26, 1915.

Where the jurisdiction of this court depends on the amount involved, the appeal must be dismissed unless the record fairly shows that the value in controversy exceeds the amount fixed by statute, the criterion being that which is actually in dispute.

Where defendant appeals from a judgment against it and plaintiff does not appeal although its prayer was for a larger amount, the amount in controversy is the amount of such judgment and the total amount of appellant's claim against plaintiff, and unless they aggregate the statutory amount there is no jurisdiction.

Under the Act of July 1, 1902, § 10, c. 1369, 32 Stat. 691, 695, this court has no jurisdiction of an appeal from the Supreme Court of the Philippine Islands unless the amount in controversy exceeds $25,000, and as that amount is not shown to be in controversy in this case the appeal is dismissed.

THE facts, which involve the jurisdiction of this court of appeals from the Supreme Court of the Philippine Islands, are stated in the opinion.

*Mr. Clement L. Bouve* and *Mr. James Ross* for defendant in error in support of the motion.

*Mr. A. D. Gibbs* for plaintiff in error in opposition to the motion.

Memorandum opinion by MR. JUSTICE MCREYNOLDS, by direction of the court.

This is an appeal from the Supreme Court of the Philippine Islands, allowed May 13, 1914. Our jurisdiction de-

pends on the amount involved; and a motion to dismiss must be sustained unless from a consideration of the whole record it fairly appears that "the value in controversy exceeds twenty-five thousand dollars." Act of July 1, 1902, § 10, c. 1369; 32 Stat. 691, 695. What is actually in dispute here is the criterion. *Bowman* v. *Chicago & Northwestern Railway Co.*, 115 U. S. 611, 613; *Martinez* v. *International Banking Corporation*, 220 U. S. 214, 221.

To avoid possible confusion their United States currency equivalents are used herein instead of the Philippine peso and centavo.

The Port Banga Lumber Company instituted a proceeding November 14, 1910, and afterwards filed an amended complaint, against appellant, the Export and Import Lumber Company, wherein it alleged that in March or April, 1910, the two companies entered into an oral arrangement to sell logs in the China trade upon joint account—the proceeds to be appropriated first to expenses and then equally divided; appellant on May 6, 1910, agreed to furnish to the China Import and Export Lumber Company logs at ninety cents per cubic foot; thereafter falsely pretending such stipulated price was twenty-seven and one-half cents appellant induced complainant to consent to an annulment of the oral arrangement between them and enter into a written one dated June 10, 1910, under which the latter agreed to supply the logs for twenty cents per cubic foot; and that at an expense of $7,211.43 it delivered 32,032 cubic feet and appellant collected therefor ninety cents per foot—$28,828.80. The complainant accordingly asked that the writing of June 10th be annulled; the oral contract be declared in force; and in harmony therewith judgment for $18,020.12.

The Export and Import Lumber Company denied the allegations in the complaint, except as specifically admitted, but said the written contract of June 10th was in

force and $2500.00 had been paid thereunder and accepted by complainant. It further set up that by the contract of May 6th it became obligated to furnish the China Import and Export Lumber Company designated logs within a specified time; on June 10th it transferred this duty to the complainant which failed fully to comply therewith; and as a consequence $8,750.00 had to be deducted from the sale price which otherwise would have been received. It therefore claimed damages to that extent and asked judgment accordingly.

Counsel admitted of record that 32,032 cubic feet of logs were delivered by complainant to the China Import and Export Lumber Company; and unquestionably appellant collected therefor 90 cents per foot, $28,828.80, less $8,750.00.

The court below held (26 Phil. Rep. 602; 27 Phil. Rep. *) the contract of June 10th was procured by fraud; the rights of the parties depended upon the oral agreement; the deduction of $8,750.00 from stipulated sale price should be taken into consideration; complainant was entitled to its expenses of $7,211.43; and that the balance of amount actually collected by appellant should be equally divided. A certain credit of $450.00, explanation of which is now unnecessary, having been allowed, judgment was entered April 3, 1914, against appellant for $13,195.12, together with $2,683.01 interest from November 14, 1910, when the original complaint was filed—in all $15,878.13. The Port Banga Lumber Company has not appealed and this is the maximum recovery which appellant can suffer.

According to appellant's theory the written contract of June 10th remained in force. A settlement thereunder would require a debit against it for logs delivered—32,032 cubic feet at twenty cents—of $6,406.40, and necessitate credits of $2,500.00, alleged payment on account, and $8,750.00, damages sustained. The resulting balance of $4,843.60, with interest from November 14, 1910, to

---

* Volume 27, not yet published and received.

April 3, 1914, $984.87, or $5,828.47, is the greatest sum for which it could have recovered judgment.

The maximum amount fairly in dispute is therefore the judgment of $15,878.13 against appellant, plus $5,828.47 which it sought to recover from appellee—a total of $21,706.60. *Dushane* v. *Benedict,* 120 U. S. 630, 636; *Buckstaff* v. *Russell,* 151 U. S. 626, 628; *Harten* v. *Löffler,* 212 U. S. 397, 403; *Keller* v. *Ashford,* 133 U. S. 610, 617; Philippine Code of Civil Procedure, § 510.

The value in controversy being under $25,000.00, the appeal must be

*Dismissed.*