## WETSEL et al. v. EMPIRE GAS & FUEL CO. *

### (Circuit Court of Appeals, Fifth Circuit. May 8, 1920.)

### No. 3461.

1. **Removal of causes** ⊂⊃86(6)—**Averment of value of land insufficient, unless entire land is in controversy.**

An averment, in a petition for removal of cause and in the agreed statement of facts, that the value of the land and the amount in controversy exceeded the jurisdictional amount, is insufficient to sustain the jurisdiction of the United States court, unless the entire value of the land was in controversy.

2. **Removal of causes** ⊂⊃74—**In suit to cancel oil lease, entire value of land is not in controversy.**

In a suit to cancel oil lease, which gave lessee certain rights in the land, but reserved the use of the house and certain rights to crop the land to lessors, the amount in controversy was not the entire value of the land affected by the lease, but the difference between the value of the land subject to the lease and its value free from the lease.

3. **Removal of causes** ⊂⊃74—**Value about which court is not concerned is not in controversy.**

In determining whether the jurisdictional amount is in controversy, the value of a thing about which, under the issues in the suit, the court is not called on to concern itself, should not be taken into consideration.

Hutcheson, District Judge, dissenting.

Appeal from the District Court of the United States for the Northern District of Texas; William R. Smith, Judge.

Suit by John G. Wetsel and others against the Empire Gas & Fuel Company, begun in the state court. From an order denying a motion to remand, after the cause was removed by defendant to the United States court, plaintiffs appeal. Reversed, and cause remanded to state court.

W. T. Allen, of Henrietta, Tex., and R. E. Taylor, of Ft. Worth, Tex., for appellants.

Charles K. Lee, of Ft. Worth, Tex. (H. O. Caster and Hayes McCoy, both of Bartlesville, Okl., Robert D. Garver, of Ft. Worth, Tex., Campbell & Morse, of Iola, Kan., and J. T. Pearson and Lee, Lomax, Wren & Smith, all of Ft. Worth, Tex., on the brief), for appellee.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

WALKER, Circuit Judge. The appellants, citizens of Texas, brought this suit in a Texas state court for the cancellation and annulment of a recorded instrument executed by them to the appellee, a Maine corporation, on the ground that it was not binding on the former and was a cloud on their title to the 160 acres of land therein described. The case was removed to the District Court of the United States for the Northern District of Texas on the petition of the appellee, which alleged:

"That the value of the land and the amount in controversy in this case exceeds the sum of three thousand dollars, exclusive of interest and costs."

An agreed statement of facts in the case contained the following:

"It is agreed that the value of the 160 acres of land described in the lease executed by the plaintiffs to the defendant is five thousand ($5,000) dollars, and that the value of the leasehold interest of the defendant in said land is five hundred ($500.00) dollars, and said values, respectively, were the same at the time petition for removal of this cause was filed herein, and at the time of the trial of said cause, and at the time of the commencement of said action in the District Court of Clay county, Texas."

Other than what has been mentioned, the record contains nothing as to the value of the matter in controversy. The court overruled a motion of the appellants to remand the cause to the state court. By the terms of the attacked instrument, which was dated September, 17, 1917, the appellants—

"granted, demised, leased, and let, and by these presents do grant, demise, lease, and let upon the said lessee, for the sole and only purpose of operating for and producing oil, gas, coal, and other minerals thereon and therefrom, together with right of way and servitudes for pipe lines, telephone and telegraph lines, for tanks, power houses, stations, and fixtures, for producing and caring for such products, and housing and boarding employés, and all other rights and privileges necessary, incident to, or convenient for the economical operation of said land, alone or conjointly with neighboring lands, for oil, gas, coal, or other minerals, with the right to use free oil, gas, or water, but not from lessor's water wells, for such purposes, and with the right of removing, either during or after the term hereof, all and any property and improvements placed or erected on the premises by lessee, including the right to pull and remove all casing, said land" described.

The instrument contained the following provisions:

"If operations for the drilling of an oil or gas well are not begun on said land on or before the 17th day of September, 1918, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor or deposit to the credit of John G. Wetsel in the First National Bank at Bellvue, Texas (which shall continue as the depository regardless of changes in ownership of the land), the sum of eight dollars, which payment or tender may be made by the check or draft of the lessee, and, however made, shall operate to confer on the lessee the privilege of deferring the commencement of such well for six months from said date. Thereafter, in like manner and upon like payments of tenders of said amount, the commencement of said well may be further deferred for additional periods of six months, successively: Provided always that this lease cannot be kept in force by such payments in the absence of drilling operations for a longer period than ten years from the date last above set forth, if within said time oil or gas is not found in paying quantities; but, if so found, this lease shall continue in full force and effect so long as oil or gas is found in paying quantities. * * *

"When requested by lessor, lessee shall bury its pipe lines, crossing cultivated land, below plow depth. No well shall be drilled nearer than 200 feet of the house or barn now on said premises. Lessee shall pay for damages caused by its operations to growing crops on said land."

[1] What was alleged to exceed, exclusive of interest and costs, the sum of $3,000, was "the value of the land and the amount in controversy." The right to remove the suit was dependent upon the matter in controversy exceeding, exclusive of interest and costs, the sum or value of $3,000. Judicial Code, §§ 24, 28 (Comp. St. §§ 991, 1010). Neither the above-quoted averment of the removal petition, nor the quoted clause of the agreed statement of facts, showed that the matter in controversy exceeded, exclusive of interest and costs, the sum or

value of $3,000, unless all beneficial interest in the land, or exceeding $3,000 in amount of the value of it, was in controversy in the suit. Nothing less than "the value of the land and the amount in controversy" was alleged to exceed, exclusive of interest and costs, the sum of $3,000.

[2] The only matter as to which the suit raised any controversy was the instrument sought to be canceled, the existence and record of which were complained of as constituting a cloud on the title of the appellants. A decision adverse to the claim asserted by the appellants could not adjudge more than that that instrument is valid, and that the estate of the appellants in the land described in it is subject to the rights that instrument purports to confer on the lessee or its assigns. That full effect may be given to the instrument in question, without depriving the appellants of all valuable beneficial interest in the land which is the subject of the contract, is shown by its terms. It did not purport to confer on the appellee the right to use the house, barn, or water wells on the land. It expressly excluded the right to drill a well nearer than 200 feet of such house or barn. The privileges conferred by the terms of the instrument were subject to the qualifications or conditions that pipe lines crossing cultivated land be buried below plow depth and that payment be made for damages caused by the lessee's operations to growing crops on the land. It is quite plain that the right to make the uses of the land and improvements thereon which the instrument by its terms left in the appellants constitutes a material element of the value of the land as a whole or of an unincumbered fee-simple estate therein.

It seems that the value of the matter brought into controversy by the suit cannot properly be regarded as more than the amount of the difference between the value of the land subject to the lease and its value free of the lease. There is nothing in the record to show or indicate that the value of the land was or could be diminished to the extent of $3,000 by the existence and enforcement of the instrument. A material part of its value being the value of the interest left in the lessor by the lease, a statement that "the value of the land and the amount in controversy in this case exceeds the sum of $3,000, exclusive of interest and costs," falls short of showing that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000; the nature of the suit being such that a valuable beneficial interest or estate in the land is not a matter in controversy therein. Certainly an allegation to the effect that the thing which is in controversy and another thing which in no way is in controversy have the value required to authorize a removal does not show that the matter in controversy alone has that value. The jurisdictional requirement as to value cannot well be said to be complied with, if the value of land is made the test of the removability of a suit, in which a valuable interest or estate in that land is not the subject of controversy.

Counsel for the appellee refers in argument to expressions contained in the opinion in the case of Smith v. Adams, 130 U. S. 167, 9 Sup. Ct. 566, 32 L. Ed. 895, and to the decision in the case of Woodside v. Ciceroni, 93 Fed. 1, 35 C. C. A. 177, as supporting the contention that the record in the instant case, by showing that the value of the

land is more than $3,000, shows what is required to make the case removable. The following was said in Smith v. Adams, supra:

"By matter in dispute is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken. It is conceded that the pecuniary value of the matter in dispute may be determined, not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment. Thus a suit to quiet the title to parcels of real property, or to remove a cloud therefrom, by which their use and enjoyment by the owner are impaired, is brought within the cognizance of the court, under the statute, only by the value of the property affected."

The above was said by way of argument in support of the conclusion that an appeal from a judgment as to the validity of an election to determine a county seat should be dismissed, on the ground that there was not in the case such an amount in dispute as was required to give the court jurisdiction by appeal. That suit did not involve any question as to a cloud on the title to land. It well may be inferred that, in making the statement contained in the last-quoted sentence, the court had in mind an instrument complained of as a cloud on title to land, which, if valid, would deprive the party complaining of any valuable estate or interest in the land affected, such as an instrument purporting to be an absolute conveyance by the plaintiff of his entire interest in the land. From expressions of the court which immediately preceded the one contained in the concluding sentence of the quotation, it may be inferred that there was an absence of any intention to assert or intimate that in such a case as the instant one the pecuniary value of the matter in dispute may not be determined by the increased or diminished value of the property directly affected by granting or withholding the relief prayed. Certainly it is not made plain by what was said that the court regarded the value of the land as the test of jurisdiction, where, as in the instant case, the instrument complained of as a cloud on the plaintiff's title is such a one that, if it is valid, its continued existence is consistent with the possession and enjoyment by the plaintiff of a valuable estate or interest in that land.

The plaintiff in the case of Woodside v. Ciceroni, supra, sought the cancellation, as a cloud on his title to land, of an instrument which purported to confer on the defendant the right to enter on that land and prospect and mine for gold; for those purposes the right of way across the land being given. It was shown that the value of the land exceeded the jurisdictional amount. The court decided that the amount in controversy was the value of the land to which the claim extended, and that the case was removable. The following was said in the opinion:

"But the rights granted under the deed to Anderson cover the whole of the land. No portion of it is exempt from the privilege of right of way, and the right to prospect and mine, which he thereby acquired. Such being the case, the claim of the defendants affects the right of the complainant to the enjoyment of the whole of his estate. In a suit to quiet title, or to remove a cloud therefrom, it is not the value of the defendant's claim which is the amount in controversy, but it is the whole of the real estate to which the claim extends."

The quoted statement indicates that the court concluded that a result of giving effect to the attacked instrument would be to deprive the plaintiff in the suit of the enjoyment of the whole of his estate. Whether that conclusion was or was not warranted by the facts of that case, a similar conclusion is not warranted by the facts of the instant case; the instrument here in question being such a one that, if it is valid, it is not capable of having the effect of preventing the enjoyment by the plaintiff of a valuable interest or estate in the land, the title to which is sought to be quieted.

[3] Controlling decisions show that, in determining whether a jurisdictional requirement as to the sum or value of the matter in controversy is met, there should not be taken into consideration the value of a thing about which, under the issues in the suit, the court is not called on to concern itself in any way. Parker v. Morrill, 106 U. S. 1, 1 Sup. Ct. 14, 27 L. Ed. 72, was a suit by the appellant for partition and to remove a cloud upon the title to a tract of land worth more than the jurisdictional amount, one-twentieth interest in which land was claimed by the appellant. The appeal was dismissed on the ground that the value of the interest claimed by the appellant was less than that required to authorize an appeal, and that the value of the nineteen-twentieths interest of an appellee in the land could not be taken into account. The value of the appellee's interest might as well have been taken into account in that case as the value of the interest or estate left in the appellants in the instant case by the instrument complained of, as to which interest or estate no controversy or dispute is disclosed.

In Elgin v. Marshall, 106 U. S. 578, 1 Sup. Ct. 484, 27 L. Ed. 249, the court dismissed a writ of error brought to review a judgment against a town for $1,660.75 on interest coupons detached from $7,500 of bonds issued under a statute, the unconstitutionality of which was set up as a defense, though the point actually litigated and determined in the suit was the validity of the bonds, and, as between the parties to the suit, in any subsequent action upon other coupons, or upon the bonds themselves, that judgment, as to all questions actually adjudged, would be conclusive as an estoppel. Speaking of the statutory rule limiting its jurisdiction to review, on writs of error or appeal, to those cases where the matter in dispute, exclusive of costs, exceeds the sum or value of $5,000, the court said:

"The language of the rule limits, by its own force, the required valuation to the matter in dispute in the particular action or suit in which the jurisdiction is invoked; and it plainly excludes, by necessary implication, any estimate of value as to any matter not actually the subject of that litigation."

In the instant case the sole subject of litigation is the attacked instrument, or the right or interest in the land it purports to confer. The decisions in the cases of Colvin v. Jacksonville, 158 U. S. 456, 15 Sup. Ct. 866, 39 L. Ed. 1053, and Wheless v. St. Louis, 180 U. S. 379, 21 Sup. Ct. 402, 45 L. Ed. 583, support the proposition that in a suit for an injunction it must affirmatively appear that what is sought to be enjoined would result in loss or damage to the plaintiff of the jurisdictional amount. The following was said in the last-cited case:

"The 'matter in dispute within the meaning of the statute, is not the principle involved, but the pecuniary consequence to the individual party dependent on the litigation, as, for instance, in this suit, the amount of the assessment levied, or which may be levied, as against each of the complainants separately."

The only possible pecuniary consequence to the appellants of the existence of the attacked instrument and the enforcement of all the rights it purports to confer would be their deprivation of substantially less than the entire value of the land described in that instrument. The record does not disclose any controversy or dispute as to their right to enjoy such possession and use of that land as are consistent with the enjoyment by the appellee of the rights it claims. The suit is such a one that no judgment rendered in it can involve in any way a material part of the value of the land described in the attacked instrument. So far as is disclosed, the only controversy or dispute as to the appellants' ownership of the land results from the assertion by the appellee of the claim based on the instrument sought to be canceled and annulled. It is not shown that a denial of all the relief sought would result in loss or damage to the appellants of the jurisdictional sum or value. The record does not disclose that any or all of the parties to the suit have at stake, exclusive of interest and costs, a sum or value in excess of $3,000. This being true, the motion to remand the case to the state court from which it was removed should have been granted. An order to that effect will be here entered.

Reversed.

HUTCHESON, District Judge, dissents..