**MONTES v. SANCHO, Treasurer of Puerto Rico.**

No. 3048.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1936.

This is a petition for mandamus brought by Eugenio Montes Viera, plaintiff, appellant, against Manuel V. Domenech, Treasurer of Puerto Rico, and Guillermo Esteves, Commissioner of the Interior of Puerto Rico, in the District Court of San Juan, asking that Domenech as Treasurer be required to reinstate him in the position of "clerk in charge of accounting and inspection of all gasoline imported, manufactured, or otherwise made in Puerto Rico"; and that Esteves, as Commissioner, be required to submit vouchers for his salary from August 22, 1930, to the Auditor of Puerto Rico.

The District Court of San Juan entered judgment dismissing the petition. Petitioner appealed to the Supreme Court of Puerto Rico. That court affirmed the judgment of the District Court, and from the judgment of affirmance he prosecuted this appeal.

By an Act of July 21, 1925, as amended by Act No. 8, of May 11, 1927, 2d Sp.Sess., p. 422, § 3, the Legislature of Puerto Rico laid an excise stamp tax of 4 cents a gallon on all gasoline sold or consumed in Puerto Rico, and authorized the Commissioner of the Interior to "expend the total proceeds collected under this Act in asphalting the roads of Porto Rico, and for expenses of personnel, materials, auxiliary means, and other expenses necessary for such purposes, it being understood that the authorization granted to the commissioner shall also include the purchase of stone, gravel, and the payment of all the personnel used in the preparation of the surface of the road to receive the asphalting: * * *"

Joint Resolution No. 13, approved April 19, 1928, authorized or purported to authorize the Commissioner of the Interior "to appoint an employee whose salary shall be paid out of the aforesaid fund, and who shall have charge, in the office of the Treasurer of Porto Rico, of the accounts and inspection of all gasoline imported, manufactured, or produced in Porto Rico." It also authorized or purported to authorize the Treasurer and Auditor "to pay out of the 'Fund for the Asphalting of the Roads of Porto Rico'" two thousand dollars a year to such employee.

Acting under this joint resolution Commissioner Esteves thereafter, on April 19, 1928, appointed the plaintiff "clerk in charge of the accounting and inspection of gasoline imported, manufactured or

produced in Puerto Rico," to discharge his duties in the office of the Treasurer of Puerto Rico, and the plaintiff thereupon entered upon his duties in the Treasury Department at a salary of $2,000 and continued in that office and received the salary until August 22, 1930.

By Act No. 12 of April 21, 1930, the Gasoline Tax Act No. 52, of 1925, as amended by Act No. 8, of May 11, 1927, was further amended by raising the tax to 6 cents a gallon, and the requirement that the proceeds of the tax be used in asphalting the roads of Puerto Rico and for expenses of the personnel, etc., on that work, was eliminated, and in its place it was provided that from July 1, 1930, to June 30, 1931, the total proceeds of the gasoline tax "shall be covered into the general funds of the Treasury of Puerto Rico"; but that, "after July 1, 1931, the total proceeds collected shall be placed at the disposal of the Commissioner of the Interior to be used by him in the construction, repair and maintenance of insular roads and bridges," and then the tax was reduced to 4 cents a gallon; it repealed "all laws or parts of laws in conflict herewith."

The Annual Appropriation Act No. 75, approved May 6, 1930, provided for the salaries of the officers of the insular government for the fiscal year July 1, 1930, to June 30, 1931, but made no provision for the payment of the salary of a clerk in charge of the gasoline tax, although it made specific appropriation for various officers in the office of the Treasurer and in the Bureau of Excise Taxes and other positions.

July 8, 1930, the plaintiff, as clerk in charge of the. accounting and inspection of gasoline, on his own volition, sent Domenech, the Treasurer, a letter in which he stated:

"At the present time I hold the position of Clerk in charge of the Accounts and Inspection of the Gasoline, * * * my salary being paid from the special gasoline fund, in accordance with an agreement entered into by the former Treasurer, by the Commissioner of the Interior and by the Auditor of Puerto Rico, which was being done up to the present without any difficulty; but as the special gasoline fund has been transferred to the general funds, it seems to me that, in the future, my salary will not be paid from that fund, unless, pursuant to a petition of the Treasurer of Puerto Rico, the Commissioner of the Interior sets apart $2000 from any surplus remaining on June the 30th, inasmuch as the same fund will return next year to the Department of the Interior.

"Now, if the difficulty can not be overcome in the manner above suggested, I would be grateful, if you consider it reasonable and just, if you appointed me to the position of Mr. Felix A. Thillet, which will be vacant, which position has $20.00 less per annum than the one I actually hold, and for which position I am fully qualified under the Civil Service Law, etc.

"Hoping that this involuntary problem will be satisfactorily overcome, I am, * * * "

As on June 30, 1930, there was but a small balance then remaining to the credit of the former fund for the asphalting of roads in Puerto Rico, the Treasurer and Commissioner apparently agreed with the plaintiff's opinion that his salary could no longer be paid out of the special fund previously provided for in the Joint Resolution of April 19, 1928; and at the direction of the Treasurer the plaintiff turned over the books and property in his charge to the Liquidator of the Bureau on or before August 22, 1930.

The plaintiff was not given the office vacated by Mr. Thillet, and the District Court found that the plaintiff "really ceased to work on August 22, 1930 according to his service record, for the lack of funds."

Some two months and nine days later, on November 1, 1930, the Treasurer appointed the plaintiff to the position of clerk in the internal revenue office at Ponce, in the Treasury Department of the Island, at an annual salary of $1,-000. As to this the District Court found that "the petitioner accepted the same, going from San Juan to Ponce" and performed the duties of that office for "four days; then he asked for a leave of absence for 30 days on account of illness, which was granted and this being done, asked for another also on account of illness, which was denied and consequently discharged on November 10, 1930 [December 10, 1930]. This appears from the testimony of the petitioner, who declared, besides, that he accepted the employment at Ponce because he was in need of work in order to support his family, but that

he had never entertained the thought of abandoning his demand to be reinstated to the office he held as clerk of accounting and inspection of the gasoline. * * * "

On January 20, 1931, the plaintiff brought this action.

Sections 649 and 650 of the Civil Code of Procedure (edition of 1933) authorize the issuance of a writ of mandamus, and in section 651 it is provided that the writ "may not be issued in any case where there is plain and adequate remedy in the ordinary course of the law."

The answer of the defendant admitted some, but denied most, of the allegations of the petition and was, in substance, a general denial.

Martin Travieso, of San Juan, P. R. (Diego O. Marrero and Benjamin Ortiz, both of San Juan, P. R., on the brief), for appellant.

William Cattron Rigby, of Washington, D. C. (B. Fernandez Garcia, Atty. Gen., P. R., and Nathan R. Margold, of Washington, D. C., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge (after stating the facts as above).

The main question to be determined is whether the Supreme Court of Puerto Rico erred in refusing to issue a writ of mandamus requiring the Treasurer of Puerto Rico to restore the plaintiff to the office of clerk in the Treasury Department of Puerto Rico, for the collection of the gasoline tax, and dismissing the complaint. In that court the following 'facts were found to be undisputed:

"On November 1, 1930, the Treasurer of Puerto Rico appointed the petitioner to the position of clerk in the internal revenue office of Ponce, P. R.; at a salary of $1,000 per annum; that the petitioner accepted the position, moved from San Juan to Ponce and worked in the position for four days; that he then applied for a thirty-day sick leave, which was granted, and at its expiration applied for a further sick leave, which was refused, and he was discharged on November 10 [December 10] 1930."

It is apparent that the office of clerk of the gasoline tax in the treasurer's office at San Juan, P. R., is incompatible with the office of clerk in the internal revenue office at Ponce—that the same person cannot perform the duties of the two offices in widely separated places at the same time—and the question arises whether the plaintiff, by accepting the office at Ponce, vacated the office at San Juan. In Lopez v. Martorell, 59 F.(2d) 176, 178, this court pointed out that "both under the common law and the civil law, and without regard to statute, an office holder was not ineligible to appointment or election to another incompatible office, but acceptance of the latter vacated the former"; and that this rule is of "great antiquity in the common law and it probably is in the civil law," citing Howard v. Harrington, 114 Me. 443, 96 A. 769, L.R.A.1917A, 211; Aneses v. Executive Council, 38 P.R.R. 240, at page 248. The result is that, although the two offices were incompatible, the plaintiff was nevertheless eligible for appointment to the Ponce office, and by accepting the Ponce office he vacated the one at San Juan; and that this is so whether he intended to abandon the San Juan office or not. The plaintiff, having vacated the office in the Treasury Department at San Juan, is not entitled to be restored to it, and the Supreme Court did not err in refusing to issue the writ and in dismissing the petition.

If the plaintiff is entitled to any portion of the salary pertaining to the office at San Juan for the period from August 22, 1930, to November 1, 1930, when he accepted the office at Ponce, his remedy at law is adequate. The mandamus statute expressly provides that the writ may not issue in any case where there is a plain and adequate remedy in the ordinary course of the law.

The appeal to this court was allowed April 27, 1934. At that time three years and some months had elapsed since the plaintiff had ceased to occupy the office in question. Consequently the amount in controversy on April 27, 1934, his salary being $2,000 a year, exceeded $6,000. It is the amount in controversy at the time the appeal to this court is taken that determines our jurisdiction. Municipality of Rio Piedras v. Serra, Garabis & Co. (C.C.A.) 65 F.(2d) 691, 697, 698.

For the reasons above given, the judgment of the Supreme Court of Puerto Rico is affirmed.