## DE LA TORRE v. NATIONAL CITY BANK OF NEW YORK.

### No. 3516.

Circuit Court of Appeals, First Circuit.
Dec. 15, 1939.

382

Henry G. Molina, of San Juan, P. R., for appellant.

E. T. Fiddler, of San Juan, P. R., for appellee.

Before WILSON and MAGRUDER, Circuit Judges, and BREWSTER, District Judge.

MAGRUDER, Circuit Judge.

On July 3, 1931, the plaintiff filed a complaint in the District Court for the Judicial District of San Juan, Puerto Rico, on an over-due promissory note in which the present defendant-appellant and his sister jointly and severally promised to pay the American Colonial Bank of Puerto Rico the sum of $10,398.38 with interest at 9 per cent per annum after maturity; the note having been endorsed by the payee to the plaintiff. Judgment went against the sister by default. The judgment for the full amount of the note plus interest and costs, which was rendered against the present defendant-appellant, was affirmed on appeal by the Supreme Court of Puerto Rico, which judgment, in turn, was affirmed on appeal by this court, except as to an item of costs not now material. De La Torre v. National City Bank of New York, 1 Cir., 91 F.2d 399. The Supreme Court of the United States denied certiorari. Torre v. National City Bank, 302 U.S. 752, 58 S.Ct. 272, 82 L.Ed. 581.

The case is now here again. It appears that at or about the time of commencing the original suit in 1931 the plaintiff caused to be attached certain real property of the defendant-appellant as security for any judgment that might be rendered; that subsequently, while the said judgment was on appeal, a further attachment was made of a so-called "mortgage credit constituted in favor of this defendant by H. L. Cochran, which credit is due and demandable," having a face value of over $12,000.

The present appeal derives from a proceeding instituted by the defendant-appellant in the District Court of San Juan to annul and avoid an attachment made on ganancial property (bienes gananciales) of his conjugal partnership. The record does not show when this petition was filed in the District Court, nor is the petition itself included in the record. It seems from the opinion rendered in the District Court that this petition related only to the real property which had been attached, and not to the "mortgage credit" previously mentioned.

When the previous appeal was pending in this court the defendant filed a motion in the Supreme Court of Puerto Rico asking that the amount of the supersedeas bond be reduced, for the reason that the judgment appealed from was amply secured by the attachment on the property previously mentioned. This motion contained no intimation of the contention now maintained by the defendant, that the real property attached was community property and as such not subject to attachment for a debt of the husband incurred, as here, for the accommodation of a third person.

The District Court denied the petition to vacate the attachment. The Supreme Court of Puerto Rico affirmed the judgment of the District Court, discussing at length the old Spanish law as to ganancial property and considering how far this law had been modified by the provisions of the Civil Code of Puerto Rico. The court concluded that though the Civil Code had limited the power of the husband by voluntary conveyance to alienate or encumber real property of the conjugal partnership without the express consent of the wife, it left untouched the old Spanish law subjecting such property to attachment by creditors of the husband. On petition for rehearing the Supreme Court of Puerto Rico filed a further opinion affirming its previous conclusion. The appeal was duly taken from the judgment of the Supreme Court of Puerto Rico.

Appellee now moves to dismiss this appeal.

▆▆ The first ground of the motion is that the issues decided on the merits in favor of the appellee by the territorial courts, involved "purely a question of local law based on a construction of Civil Law of Spanish origin; that it is the established practice of this court to affirm the sentence of the Supreme Court of Puerto Rico unless it is established that its decision is

clearly wrong; that appellants have not assigned as error that the decision of the Supreme Court of Puerto Rico is clearly wrong, which is the only basis upon which this court would be justified in reversing." It is true that since the intimation to us in Diaz v. Gonzalez, 261 U.S. 102, 105, 106, 43 S.Ct. 286, 67 L.Ed. 550, we have been reticent about setting ourselves up as experts in esoteric points of Spanish law in opposition to the views of the territorial courts. Appeals in such cases are therefore likely to be futile and merely to cause needless delay and expense. But the question at issue here has never been passed upon by this court and under Section 128 of the Judicial Code, 28 U.S.C. § 225, 28 U.S.C.A. § 225[1], appeal to this court is conferred as a matter of right, provided the jurisdictional requisites are present. We cannot therefore dismiss the appeal on the first ground urged by appellee.

Another ground urged in the motion to dismiss, relating to alleged lack of diligence on the part of appellant in having the record printed, is without merit.

It is also urged as ground of dismissal "that it nowhere appears in the record that the jurisdictional amount of $5,000 is involved."

■ When the case was here before, the question at issue was the liability of the defendant-appellant on a note for the principal sum of $10,398.38 with interest; the value then in controversy, exclusive of interest and costs, of course exceeded $5,000. But on the present appeal the value in controversy is not the amount of the note, but either (a) the value of the property subject to the attachment which the defendant-appellant unsuccessfully sought below to vacate, or (b) the amount still owing on the judgment debt for which the attached property stands security, whichever is the smaller. See Martinez v. International Banking Corp., 220 U.S. 214, 220, 221, 31 S.Ct. 408, 55 L.Ed. 438; Municipality of Rio Piedras v. Serra, Garabis & Co., 1 Cir., 65 F.2d 691, 697, 698.

■ The record now before us does not disclose the value at present in controversy. The petition for appeal, which was allowed by the Supreme Court of Puerto Rico, contains no allegation as to the value of the attached property nor indeed does it contain any reference to the matter of the value in controversy. The appellant points out that under our Rule 14, paragraph 13, reference may be had to the record of the previous appeal in this case. We have examined this record, but are unable to find anything in it which would supply the missing jurisdictional requirement. In the first place, it nowhere appears that the so-called "mortgage credit", which was attached, was part of the property of the conjugal partnership; and as we have said, we infer from the opinion of the District Court that the motion to vacate the attachment related only to the real property. For all we know, a large part of the amount due may already have been realized out of the attachment of this chose in action. Furthermore, it appears from the record in the previous appeal that the defendant-appellant's sister, the co-maker of the note, executed a mortgage of property to secure the note. It is possible that the indebtedness has been further reduced by realization on this security. In addition to this, there is nothing in the previous record to indicate the value of the attached real estate except a statement in the opposition to the motion of the appellant to reduce the amount of supersedeas bond, filed March 9, 1936, in the Supreme Court of Puerto Rico, that in the opinion of the District Court this real estate had in 1931 a value of $14,000; that "even if we assume that the value given to said properties on October 7, 1931, were correct, and this we deny, their present value taking into consideration the depreciation and the taxes due, cannot exceed the sum of $10,000." That was in 1936. Meanwhile over three years have gone by. "It is the amount in controversy at the time the appeal to this court is taken that determines our jurisdiction." Montes v. Sancho, 1 Cir., 1936, 82 F.2d 25, 27. See also Hilton v. Dickinson, 108 U.S. 165, 2 S.Ct. 424, 27 L.Ed. 688; Dows v. Johnson, 110 U.S. 223, 3 S.Ct. 640, 28 L.Ed. 128; Export Lumber Co. v. Port Banga Co., 237 U.S. 388, 389, 35 S.Ct. 604, 59 L.Ed. 1009.

---

[1] "(a) Review of final decisions. The circuit courts of appeal shall have appellate jurisdiction to review by appeal or writ of error final decisions—* * *

"Fourth. In the Supreme Courts of the Territory of Hawaii and of Porto Rico, in all civil cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interest and costs, exceeds $5,000, and in all habeas corpus proceedings."

384

Since the value in controversy does not otherwise appear in the record, the petition for appeal might have been disallowed because not accompanied by affidavits supplying the missing jurisdictional fact. See Alaska Packers' Ass'n v. Pillsbury, 301 U.S. 174, 177, 57 S.Ct. 682, 81 L.Ed. 988. We find no provision of law, or rule of court, requiring the petition for appeal itself to contain an allegation as to jurisdictional amount;[2] but if such were the requirement, presumably the petition might still be amended. Cf. R.S. § 954, 28 U.S.C. § 777, 28 U.S.C.A. § 777; Norton v. Larney, 266 U.S. 511, 516, 45 S.Ct. 145, 69 L.Ed. 413; Mexican Central Railway v. Duthie, 189 U.S. 76, 23 S.Ct. 610, 47 L.Ed. 715; Carr v. Fife, 156 U.S. 494, 497, 15 S.Ct. 427, 39 L.Ed. 508; Whalen v. Gordon, 8 Cir., 1899, 95 F. 305; Fourth National Bank v. City of Boston, 1 Cir., 1924, 300 F. 29.

 The Act of February 13, 1925, 43 Stat. 941, 28 U.S.C. § 231, 28 U.S.C.A. § 231, provides:

"In any case where the power to review, whether in the circuit courts of appeals or in the Supreme Court, depends upon the amount or value in controversy, such amount or value, if not otherwise satisfactorily disclosed upon the record, may be shown and ascertained by the oath of a party to the cause or by other competent evidence."

This enactment confirmed the practice previously approved by the Supreme Court under which affidavits might be received by the appellate court to show the existence of jurisdictional amount in controversy where it did not otherwise appear in the record. Parker v. Morrill, 106 U.S. 1, 2, 1 S.Ct. 14, 27 L.Ed. 72; Wells v. Wilkins, 116 U.S. 393, 6 S.Ct. 600, 29 L.Ed. 671; Wilson v. Blair, 119 U.S. 387, 7 S.Ct. 230, 30 L.Ed. 441; Red River Cattle Co. v. Needham, 137 U.S. 632, 11 S.Ct. 208, 34 L.Ed. 799. In Parker v. Morrill, 106 U.S.

1, 2, 1 S.Ct. 14, 27 L.Ed. 72, it is clearly implied that such affidavits may be received after the appeal has been docketed and a motion to dismiss has been submitted.

 An order will be entered dismissing the appeal, unless within twenty days appellant files affidavits showing that the value in controversy is in excess of $5,000. If such affidavits are duly filed, appellee may have twenty days thereafter within which to file counter affidavits. The pending motion to dismiss will then be passed upon on the basis of the affidavits. Appellants have the burden of proof. Wilson v. Blair, 119 U.S. 387, 7 S.Ct. 230, 30 L.Ed. 441; cf. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135.

---

[2] Cf. Smith v. McCullough, 1926, 270 U.S. 456, 459, 46 S.Ct. 338, 339, 70 L. Ed. 682 ("The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."); McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 ("They [the prerequisites to the jurisdiction of the district courts] are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing. If he does make them, an inquiry into the existence of jurisdiction is obviously for the purpose of determining whether the facts support his allegations.")